NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO MARTINEZ, | No. 12-15854 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-00159-KJM-GGH |
| v. | |
| JOE MCGRATH; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted June 14, 2013
San Francisco, California

Before: SCHROEDER, RIPPLE[**], and CALLAHAN, Circuit Judges.

Petitioner-Appellant Luis Alberto Martinez, a California state prisoner,

appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

challenging his jury convictions of murder, attempted murder, and street terrorism. We affirm the district court's denial of relief.

He claims juror misconduct and ineffective assistance of counsel in failing to investigate such misconduct. The district court ruled that his claims were procedurally defaulted. Under the intervening decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the procedural default of Petitioner's ineffective assistance claim may be excused if he can establish that his post-conviction counsel rendered constitutionally ineffective assistance, and that his underlying claim of ineffective assistance at trial is substantial. *Martinez*, 132 S. Ct. at 1320. We assume without deciding that *Martinez v. Ryan* applies to state post-conviction proceedings in California. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

Evidence of what jurors said to each other is not admissible. Fed. R. Evid. 606(b). Our previous disposition in this case, *Martinez v. McGrath*, 391 Fed. App'x 596 (9th Cir. 2010), recognized that, but remanded because there may have been some extrinsic evidence to support Petitioner's claims of juror misconduct and ineffective assistance for failing to investigate the alleged misconduct. A review of the full record now reveals that there was no extrinsic evidence, and Petitioner's claim of juror misconduct concerns only what was discussed during

2

deliberations. Petitioner's underlying claim of ineffective assistance of trial counsel, therefore, has no substance.

AFFIRMED.



<u>Martinez v. McGrath</u>, 12-15854

RIPPLE, Circuit Judge, concurring in the judgment:

The law of the case doctrine justifies the majority's reliance on Federal Rule of Evidence 606(b). However, were we deciding this matter without the constraints imposed upon us by the earlier panel decision in this case, we would have to address whether that rule is really as dispositive as the earlier panel thought it was. Rule 606 applies only to the conduct of litigation in United States courts. Here, in the context of an ineffective assistance of counsel claim raised on habeas review, it is important that the underlying proceeding took place in the courts of California. California does not follow the federal rule with respect to the admission of juror statements during deliberations. In California, when a party challenges the validity of a jury verdict, the California Rules\ of Evidence allow consideration of statements, conduct and events occurring during deliberations, but not evidence as to how those statements or events influenced a juror. Cal. Evid. Code § 1150(a). By contrast, the Federal Rules of Evidence do not allow testimony as to statements made during deliberations.

Here, where state law gives the defendant more latitude in impeaching a jury verdict than available under federal law, the adequacy of counsel must be measured by whether counsel adequately protected his client's more protective state rights. At least in the context here--an ineffective assistance of counsel claim based on

proceedings in a California state court--the California Rules of Evidence controls the inquiry into the adequacy of counsel's conduct.

Despite my respectful disagreement about reliance on Rule 606(b), I believe that the evidence of record does not establish that the defendant was prejudiced by any shortcoming of counsel. Accordingly, I join in the affirmance of the district court's judgment.