**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES D. DECKER,

      Petitioner-Appellant,

v.

RAY ROBERTS, Kansas Secretary of
Corrections,

      Respondent-Appellee.

No. 13-3084
(D.C. No. 5:11-CV-03069-SAC)
(D. Kan.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

A Kansas jury convicted Charles Decker of sexually abusing a minor.  In

this petition seeking relief under 28 U.S.C. § 2254, Mr. Decker says the lawyers

who represented him at trial, on direct appeal, and during his state post-conviction

proceedings were all constitutionally ineffective.  He says, too, that the

prosecutor at his trial falsified evidence and the presiding judge violated his

constitutional rights by doing nothing to stop it.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For its part, the district court issued a thorough thirty-page opinion denying Mr. Decker's petition and denying his request for a certificate of appealability (COA). Now before us, Mr. Decker renews his request for a COA so that he may appeal the district court's decision. After reviewing the case file, however, we see no basis on which we might lawfully issue a COA, much less grounds on which to disturb the district court's judgment.

The district court held many of Mr. Decker's claims procedurally defaulted in state court proceedings. Mr. Decker doesn't meaningfully dispute this conclusion but insists he can show sufficient cause to excuse the default. He says he defaulted his claims only because of bad work by a lawyer appointed to represent him in the state court appeal contesting the denial of his state court collateral review petition. As the district court explained, however, both the Supreme Court and this court have held that the ineffectiveness of post-conviction counsel may establish cause for a procedural default only in very limited circumstances. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012); *Banks v. Workman*, 692 F.3d 1133, 1147 (10th Cir. 2012). These cases hold that the ineffectiveness of post-conviction counsel may not be used to excuse a procedural default when the underlying claim is for something other than the ineffective assistance of *trial* counsel. *Banks*, 692 F.3d at 1148. Neither may it be used to excuse a procedural default when the State hasn't prevented the defendant from raising that claim of ineffective

assistance on direct appeal.  *Id*.; *see also Trevino*, 133 S. Ct. at 1921.  Nor will allegations of ineffective assistance by post-conviction counsel at any point later than the "initial-review proceeding" in state court excuse a procedural default. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1316; *Banks*, 692 F.3d at 1148.  At the very least, this last limitation rules out all of Mr. Decker's attempts at showing cause:  Mr. Decker alleges inadequate performance by post-conviction counsel *on appeal*, not in the *initial* collateral review proceeding in state court.

Of course, some of Mr. Decker's claims weren't procedurally defaulted. But the district court held that the Kansas Court of Appeals' adjudication of these remaining claims was reasonable within the meaning of 28 U.S.C. § 2254(d), and again we can find no fault with its reasoning.  Mr. Decker says his trial counsel was ineffective for failing to conduct pre-trial investigation, take reasonable discovery, and object to evidentiary errors.  But even at this late date Mr. Decker has yet to offer any specifics about these alleged deficiencies.  Neither does he offer any argument for how these deficiencies might have prejudiced him. Without more, we can't say there's a debatable question whether Mr. Decker has met his burden under § 2254(d) of showing that the state court's treatment of these claims was unreasonable.

Mr. Decker also insists the lawyer who initially filed his post-conviction motion was constitutionally ineffective.  He acknowledges that by statute "[t]he ineffectiveness . . . of counsel during . . . State collateral post-conviction

proceedings shall not be a ground for relief" in federal habeas proceedings, 28 U.S.C. § 2254(i), but insists this statutory command is unconstitutional. According to Mr. Decker, § 2254(i) interferes with the right of a criminal defendant to self-representation in state post-conviction proceedings. Mr. Decker doesn't, however, point us to any authority recognizing the right of a criminal defendant to self-representation in state post-conviction proceedings. Even if we were to assume the existence of such a right, Mr. Decker doesn't point us to any evidence that it was interfered with: we have no evidence before us suggesting Mr. Decker sought and was denied permission to represent himself in his state post-conviction proceedings. Indeed, at least as a matter of Kansas law it appears that Mr. Decker could have represented himself if he had asked the state trial court. *See Taylor v. State*, 834 P.2d 1325, 1332 (Kan. 1992), *overruled on other grounds by State v. Orr*, 940 P.2d 42 (Kan. 1997).

Mr. Decker's request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 4 -