Justice Kennedy
delivered the opinion of the Court'.
The State of Arizona does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings. In the instant case, *5 however, petitioner’s postconviction counsel did not raise the ineffective-assistance claim in the first collateral proceeding, and, indeed, filed a statement that, after reviewing the case, she found no meritorious claims helpful to petitioner. On federal habeas review, and with new counsel, petitioner sought to argue he had received ineffective assistance of counsel at trial and in the first phase of his state collateral proceeding. Because the state collateral proceeding was the first place to challenge his conviction on grounds of ineffective assistance, petitioner maintained he had a constitutional right to an effective attorney in the collateral proceeding. While petitioner frames the question in this case as a constitutional one, a more narrow, but still dispositive, formulation is whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney’s errors in an initial-review collateral proceeding.
V — I
A jury convicted petitioner, Luis Mariano Martinez, of two counts of sexual conduct with a minor under the age of 15. The prosecution introduced a videotaped forensic interview with the victim, Martinez’s 11-year-old stepdaughter. It also put in evidence the victim’s nightgown, with traces of Martinez’s DNA. As part of his defense, Martinez introduced evidence of the victim’s recantations, including testimony from the victim’s grandmother and mother and a second videotaped interview in which the victim denied any abuse. The victim also denied any abuse when she testified at trial. App. to Pet. for Cert. 38a-39a. To explain the inconsistencies, a prosecution expert testified that recantations of child-abuse accusations are caused often by reluctance on the part of the victim’s mother to lend support to the child’s claims. Pet. for Cert. 3. After considering the conflicting evidence, the jury convicted Martinez. He was sentenced to two consecutive terms of life imprisonment *6 with no possibility of parole for 35 years. App. to Pet. for Cert. 39a.
The State appointed a new attorney to represent Martinez in his direct appeal. Ibid.; Pet. for Cert. 4. She made numerous arguments on Martinez’s behalf, including a claim that the evidence was insufficient and that newly discovered evidence warranted a new trial. App. to Pet. for Cert. 39a. Arizona law, however, did not permit her to argue on direct appeal that trial counsel was ineffective. State v. Spreitz, 202 Ariz. 1, 3, 39 P. 3d 525, 527 (2002). Arizona instead requires claims of ineffective assistance at trial to be reserved for state collateral proceedings.
While Martinez’s direct appeal was pending, the attorney began a state collateral proceeding by filing a “Notice of Post-Conviction Relief.” Martinez v. Schriro, 623 F. 3d 731, 733-734 (CA9 2010); Ariz. Rule Crim. ProC. 32.4(a) (2011). Despite initiating this proceeding, counsel made no claim trial counsel was ineffective and later filed a statement asserting she could find no colorable claims at all. 623 F. 3d, at 734. Cf. State v. Smith, 184 Ariz. 456, 459, 910 P. 2d 1, 4 (1996).
The state trial court hearing the collateral proceeding gave Martinez 45 days to file a pro se petition in support of postconviction relief and to raise any claims he believed his counsel overlooked. 623 F. 3d, at 734; see Smith, supra, at 459, 910 P. 2d, at 4. Martinez did not respond. He later alleged that he was unaware of the ongoing collateral proceedings and that counsel failed to advise him of the need to file a pro se petition to preserve his rights. The state trial court dismissed the action for postconviction relief, in effect affirming counsel’s determination that Martinez had no meritorious claims. 623 F. 3d, at 734. The Arizona Court of Appeals affirmed Martinez’s conviction, and the Arizona Supreme Court denied review. Id., at 733.
About a year and a half later, Martinez, now represented by new counsel, filed a second notice of postconviction relief *7 in the Arizona trial court. Id., at 734. Martinez claimed his trial counsel had been ineffective for failing to challenge the prosecution’s evidence. He argued, for example, that his trial counsel should have objected to the expert testimony explaining the victim’s recantations or should have called an expert witness in rebuttal. Martinez also faulted trial counsel for not pursuing an exculpatory explanation for the DNA on the nightgown. App. to Brief in Opposition B-6 to B-12. Martinez’s petition was dismissed, in part in reliance on an Arizona Rule barring relief on a claim that could have been raised in a previous collateral proceeding. Id., at B-27; see Ariz. Rule Crim. Proc. 32.2(a)(3). Martinez, the theory went, should have asserted the claims of ineffective assistance of trial counsel in his first notice for postconviction relief. The Arizona Court of Appeals agreed. It denied Martinez relief because he failed to raise his claims in the first collateral proceeding. 623 F. 3d, at 734. The Arizona Supreme Court declined to review Martinez’s appeal.
Martinez then sought relief in the United States District Court for the District of Arizona, where he filed a petition for a writ of habeas corpus, again raising the ineffective-assistance-of-trial-counsel claims. Martinez acknowledged the state courts denied his claims by relying on a well-established state procedural rule, which, under the doctrine of procedural default, would prohibit a federal court from reaching the merits of the claims. See, e. g., Wainwright v. Sykes, 433 U. S. 72, 84-85, 90-91 (1977). He could overcome this hurdle to federal review, Martinez argued, because he had cause for the default: His first postconviction counsel was ineffective in failing to raise any claims in the first notice of postconviction relief and in failing to notify Martinez of her actions. See id., at 84-85.
On the Magistrate Judge’s recommendation, the District Court denied the petition, ruling that Arizona’s preclusion rule was an adequate and independent state-law ground to bar federal review. App. to Pet. for Cert. 36a. Martinez *8 had not shown cause to excuse the procedural default, the District Court reasoned, because under Coleman v. Thompson, 501 U. S. 722, 753-754 (1991), an attorney’s errors in a postconviction proceeding do not qualify as cause for a default. See id., at 754-755.
The Court of Appeals for the Ninth Circuit affirmed. The Court of Appeals relied on general statements in Coleman that, absent a right to counsel in a collateral proceeding, an attorney’s errors in the proceeding do not establish cause for a procedural default. Expanding on the District Court’s opinion, the Court of Appeals, citing Coleman, noted the general rule that there is no constitutional right to counsel in collateral proceedings. 623 F. 3d, at 736. The Court of Appeals recognized that Coleman reserved ruling on whether there is “an exception” to this rule in those cases “where ‘state collateral review is the first place a prisoner can present a challenge to his conviction.’ ” 623 F. 3d, at 736 (quoting Coleman, supra, at 755). It concluded, nevertheless, that the controlling cases established no basis for the exception. Certiorari was granted. 563 U. S. 1032 (2011).
II
Coleman v. Thompson, supra, left open, and the Court of Appeals in this case addressed, a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion, “initial-review collateral proceedings.” Coleman had suggested, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because “in [these] cases . . . state collateral review is the first place a prisoner can present a challenge to his conviction.” Id., at 755. As Coleman noted, this makes the initial-review collateral proceeding a prisoner’s “one and only appeal” as to an ineffective-assistance claim, id., at 756 (em *9 phasis deleted; internal quotation marks omitted), and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings, see id., at 755; Douglas v. California, 372 U. S. 353, 357 (1963) (holding States must appoint counsel on a prisoner’s first appeal).
This is not the case, however, to resolve whether that exception exists as a constitutional matter. The precise question here is whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding. To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in Coleman that an attorney’s ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.
A
Federal habeas courts reviewing the constitutionality of a state prisoner’s conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e. g., Coleman, supra, at 747-748; Sykes, supra, at 84-85. A state court’s invocation of a procedural rule to deny a prisoner’s claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfed-eral ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e..g., *10 Walker v. Martin, 562 U. S. 307, 316 (2011); Beard v. Kindler, 558 U. S. 53, 60-61 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, supra, at 750. There is no dispute that Arizona’s procedural bar on successive petitions is an independent and adequate state ground. Thus, a federal court can hear Martinez’s ineffective-assistance claim only if he can establish cause to excuse the procedural default.
Coleman held that “[n]egligence on the part of a prisoner’s postconviction attorney does not qualify as ‘cause.’” Maples v. Thomas, 565 U. S. 266, 280 (2012). Coleman reasoned that “because the attorney is the prisoner’s agent.. . under ‘well-settled principles of agency law,’ the principal bears the risk of negligent conduct on the part of his agent.” Maples, supra, at 280-281.
Coleman, however, did not present the occasion to apply this principle to determine whether attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default. The alleged failure of counsel in Coleman was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner’s claims had been addressed by the state habeas trial court. See 501 U. S., at 755.
As Coleman recognized, this marks a key difference between initial-review collateral proceedings and other kinds of collateral proceedings. When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner’s claim. This Court on direct review of the state proceeding could not consider or adjudicate the claim. See, e. g., Fox Film Corp. v. Muller, 296 U. S. 207 (1935); Murdock v. Memphis, 20 Wall. 590 (1875); cf. Coleman, supra, at 730-731. And if counsel’s errors in an initial-review collateral proceeding do not estab *11 lish cause to excuse the procedural default in a federal ha-beas proceeding, no court will review the prisoner’s claims.
The same is not true when counsel errs in other kinds of posteonviction proceedings. While counsel’s errors in these proceedings preclude any further review of the prisoner’s claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding. See, e. g., Coleman, supra, at 756.
Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner’s direct appeal as to the ineffective-assistance claim. This is because the state habeas court “looks to the merits of the clai[mj” of ineffective assistance, no other court has addressed the claim, and “defendants pursuing first-tier review . . . are generally ill equipped to represent themselves” because they do not have a brief from counsel or an opinion of the court addressing their claim of error. Halbert v. Michigan, 545 U. S. 605, 617 (2005); see Douglas, supra, at 357-358.
As Coleman recognized, an attorney’s errors during an' appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State’s procedures and obtain an adjudication on the merits of his claims. See 501 U. S., at 754; Evitts v. Lucey, 469 U. S. 387, 396 (1985); Douglas, supra, at 357-358. Without the help of an adequate attorney, a prisoner will have similar difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim. Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy. When the issue cannot be raised on direct review, moreover, a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral *12 proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim. Halbert, 545 U. S., at 619. To present a claim of ineffective assistance at trial in accordance with the State’s procedures, then, a prisoner likely needs an effective attorney.
The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the State’s procedural rules or may misapprehend the substantive details of federal constitutional law. Cf., e. g., id., at 620-621 (describing the educational background of the prison population). While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.
A prisoner’s inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. The right to the effective assistance of counsel at trial is a bedrock principle in our justice system. It is deemed as an “obvious truth” the idea that “any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.” Gideon v. Wainwright, 372 U. S. 335, 344 (1963). Indeed, the right to counsel is the foundation for our adversary system. Defense counsel tests the prosecution’s case to ensure that the proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged. See, e. g., Powell v. Alabama, 287 U. S. 45, 68-69 (1932) (“[The defendant] requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence”). Effective trial counsel preserves claims to be considered on appeal, see, e. g., Fed. Rule Crim. Proc. 52(b), and in federal habeas proceedings, Edwards v. Carpenter, 529 U. S. 446 (2000).
*13 This is not to imply the State acted with any impropriety by reserving the claim of ineffective assistance for a collateral proceeding. See Massaro v. United States, 538 U. S. 500, 505 (2003). Ineffective-assistance claims often depend on evidence outside the trial record. Direct appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the claim. Ibid. Abbreviated deadlines to expand the record on direct appeal may not allow adequate time for an attorney to investigate the ineffective-assistance claim. See Primus, Structural Reform in Criminal Defense, 92 Cornell L. Rev. 679, 689-690, and n. 57 (2004) (most rules give between 5 and 30 days from the time of conviction to file a request to expand the record on appeal). Thus, there are sound reasons for deferring consideration of ineffective-assistance-of-trial-counsel claims until the collateral-review stage, but this decision is not without consequences for the State’s ability to assert a procedural default in later proceedings. By deliberately choosing to move trial-ineffeetivenéss claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners’ ability to file such claims. It is within the context of this state procedural framework that counsel’s ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default.
The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court’s discretion. McCleskey v. Zant, 499 U. S. 467, 490 (1991); see also Coleman, supra, at 730-731; Sykes, 433 U. S., at 83; Reed v. Ross, 468 U. S. 1, 9 (1984); Fay v. Noia, 372 U. S. 391, 430 (1963), overruled in part by Sykes, supra. These rules reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State’s established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. See, e. g., Strickler v. Greene, 527 U. S. 263, 289 (1999); Reed, *14 supra, at 16. Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney’s errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances, The first is where the state courts did not appoint counsel'in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U. S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller-El v. Cockrell, 537 U. S. 322 (2003) (describing standards for certificates of appealability to issue).
Most jurisdictions have in place procedures to ensure counsel is appointed for substantial ineffective-assistance claims. Some States, including Arizona, appoint counsel in every first collateral proceeding. See, e. g., Alaska Stat. §18.85.100(c) (2010); Ariz. Rule Crim. Proc. 32.4(c)(2) (2011); Conn. Gen. Stat. §51-296(a) (2011); Me. Rules Crim. Proc. 69, 70(c) (2010); N. C. Gen. Stat. Ann. § 7A-451(a)(2) (Lexis 2009); N. J. Ct. Rule 3:22-6(b) (2012); R. I. Gen. Laws § 10-9.1-5 (Lexis 1997); Tenn. Code Ann. §8-14-205 (2011). Some States appoint counsel if the claims require an evidentiary hearing, as claims of ineffective assistance often do. See, e. g., Ky. Rule Crim. Proc. 11.42(5) (2011); La. Code Crim. *15 Proc. Ann., Art. 930.7(C) (West 2008); Mich. Rule Crim. Proc. 6.505(A) (2011); S. C. Rule Civ. Proc. 71.1(d) (2011). Other States appoint counsel if the claims have some merit to them or the state habeas trial court deems the record worthy of farther development. See, e. g., Ark. Rule Crim. Proc. 37.3(b) (2011); Colo. Rule Crim. Proc. 35(b) (2011); Del. Super. Ct. Rule Crim. Proc. 61(e)(1) (2011); Ind. Rule Post-Conviction Remedies Proc. 1, §9(a) (rev. 2011); Kan. Stat. Ann. §22-4506 (2007); N. M. Dist. Ct. Rule Crim. Proc. 5-802 (2011); Hust v. State, 147 Idaho 682, 683-684, 214 P. 3d-668, 669-670 (2009); Hardin v. Arkansas, 350 Ark. 299, 301, 86 S. W. 3d 384, 385 (2002) (per curiam); Jensen v. State, 2004 ND 200, ¶13, 688 N. W. 2d 374, 378; Wu v. United States, 798 A. 2d 1083, 1089 (D. C. 2002); Kostal v. People, 167 Colo. 317, 447 P. 2d 536 (1968). It is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, where that is so, the States may enforce a procedural default in federal habeas proceedings.
B
This limited qualification to Coleman does not implicate the usual concerns with upsetting reliance interests protected by stare decisis principles. Cf., e. g., Montejo v. Louisiana, 556 U. S. 778, 792-793 (2009). Coleman held that an attorney’s negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial. Coleman itself did not involve an occasion when an attorney erred in an initial-review collateral proceeding with respect to a claim of ineffective trial counsel; and in the 20 years since Coleman was decided, we have not'held Coleman applies in circumstances like this one.
The holding here ought not to put a significant strain on state resources. When faced with the question whether there is cause for an apparent default, a State may answer *16 that the ineffective-assistance-of~trial-eounsel claim is insubstantial, i. e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.
This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States’ system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings. In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case.
The rule of Coleman governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State’s appellate courts. See 501 U. S., at 754; Carrier, 477 U. S., at 488. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.
In addition, the limited nature of the qualification to Coleman adopted here reflects the importance of the right to the effective assistance of trial counsel and Arizona’s decision to *17 bar defendants from raising ineffective-assistance claims on direct appeal. Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal.
Arizona contends that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U. S. C. §2254, bars Martinez from asserting attorney error as cause for a procedural default. AEDPA refers to attorney error in collateral proceedings, but it does not speak to the question presented in this case. Section 2254(i) provides that “the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief.” “Cause,” however, is not synonymous with “a ground for relief.” A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. In this case, for example, Martinez’s “ground for relief” is his ineffective-assistance-of-trial-counsel claim, a claim that AEDPA does not bar. Martinez relies on the ineffectiveness of his post-conviction attorney to excuse his failure to comply with Arizona’s procedural rules, not as an independent basis for overturning his conviction. In short, while §2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a “ground for relief,” it does not stop Martinez from using it to establish “cause.” Holland v. Florida, 560 U. S. 631, 650-651 (2010).
⅜ — < 1 — (
Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
*18 In this case Martinez’s attorney in the initial-review collateral proceeding filed a notice akin to an Anders brief, in effect conceding that Martinez lacked any meritorious claim, including his claim of ineffective assistance at trial. See Anders v. California, 386 U. S. 738 (1967). Martinez argued before the federal habeas court that filing the Anders brief constituted ineffective assistance. The Court of Appeals did not decide whether that was so. Rather, it held that because Martinez did not have a right to an attorney in the initial-review collateral proceeding, the attorney’s errors in the initial-review collateral proceeding could not establish cause for the failure to comply with the State’s rules. Thus, the Court of Appeals did not determine whether Martinez’s attorney in his first collateral proceeding was ineffective or whether his claim of ineffective assistance of trial counsel is substantial. And the court did not address the question of prejudice. These issues remain open for a decision on remand.
* * *
The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.