IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-50,360-04






EX PARTE KIMBERLY LAGAYLE MCCARTHY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. F97-34795-V FROM THE


292nd DISTRICT COURT OF DALLAS COUNTY





 Price, J., filed a concurring statement in which Meyers, J., joined.


CONCURRING STATEMENT



 While I cannot agree with all of what Judge Alcala says in her dissenting statement,
I am not unsympathetic with her idea that principles of federalism would justify this Court
in taking a second look at the construction it gave to Article 11.071 of the Texas Code of
Criminal Procedure in Ex parte Graves, in light of the United States Supreme Court's recent
decisions in Martinez v. Ryan and Trevino v. Thaler. (1) However, I am not inclined to regard
the instant case as an appropriate vehicle for two reasons.

 First, the applicant's Batson claim is almost entirely predicated on the appellate record
and could easily have been raised on direct appeal. (2) Indeed, even her claim that trial counsel
were ineffective for failing to raise the Batson issue at trial is predicated on information
gleaned from the appellate record; hence, it could have been raised just as effectively on
direct appeal as in an initial post-conviction state habeas corpus application. (3) Thus, this
applicant's particular claim--that we should treat initial state habeas counsel's
ineffectiveness as an excuse to reach her claim of ineffective assistance of trial counsel in
a subsequent writ application--will almost certainly fail even if we should take the occasion
of Martinez and Trevino to re-examine Graves, since initial state habeas was not the only
stage at which the applicant's claim could have been vindicated.

 Second, the applicant makes no allegation that she suffered prejudice from trial
counsel's failure to preserve Batson error, as contemplated by this Court's holding in Batiste
v. State (4)--indeed, she advocates instead that we should overrule Batiste as well as Graves. 
Absent an allegation of facts sufficient to make out even a prima facie showing of prejudice,
the application fails to contain specific facts sufficient to establish that the applicant would
prevail on a claim of ineffective assistance of trial counsel even were we to allow her to
proceed with such a claim in a subsequent writ application on the basis of the ineffectiveness
of her initial state habeas counsel. (5)

 For these reasons, I concur in the Court's order dismissing the applicant's subsequent
writ application and denying her motion to stay.


FILED: June 24, 2013

DO NOT PUBLISH
1. Tex. Code Crim. Proc. art. 11.071; Ex parte Graves, 70 S.W.3d 103 (Tex. Crim. App.
2002); Martinez v. Ryan, 132 S. Ct. 1309 (2012); Trevino v. Thaler, 133 S. Ct. 1911 (2013).
2. Batson v. Kentucky, 476 U.S. 79 (1986).
3. The applicant now proffers no extra-record information, such as affidavits from trial counsel,
appellate counsel, or initial state habeas counsel, to shed any new light on a potential claim of
ineffective assistance of trial counsel for failing to raise Batson error. 
4. 888 S.W.2d 9, 17 (Tex. Crim. App. 1994).
5. Cf. Ex parte Staley, 160 S.W.3d 56, 63 (Tex. Crim. App. 2005) (per curium) ("Under both
Article 11.07 and Article 11.071, . . . it is not sufficient to allege that a legal claim was unavailable
at the time of the applicant's original filing if the facts alleged in the subsequent application do not
bring the constitutional claim under the umbrella of that 'new' legal claim .")
.