GRAVES, Circuit Judge,
concurring in part and dissenting in part:
I agree that the Supreme Court’s recent decision in Trevino v. Thaler, 133 S.Ct. 1911 (2013), requires us to vacate our prior decision, grant Ibarra’s certificate of appealability (COA), and remand to the district court for the appropriate application of Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).[2] The trial court should, in the first instance, be allowed to apply Martinez in accordance with Trevino. See Cantu v. Thaler, 682 F.3d 1053 (5th Cir.2012)
However, I disagree with the majority’s inclusion of the language that “in all other respects, the majority and dissenting opinions remain in effect.” The inclusion of this language is an unwarranted and unnecessary potential limiter on the consideration of Ibarra’s claims of ineffective assistance of trial counsel with regard to issues on which the majority previously denied his COA. Ibarra is clearly not foreclosed from raising his ineffective assistance of counsel claims on these issues. Simply put, the trial court is free to determine whether or not evidence related to these issues is relevant to any claim of ineffective assistance of counsel, and is likewise free to determine if any ineffective assistance affects the merits of these issues or any procedural default. Id. Thus, I disagree with any language which may be construed to the contrary.

. This is entirely consistent with my previous separate opinions in this case wherein I disagreed with the panel majority’s rejection of the application of Martinez. See Ibarra v. Thaler, 687 F.3d 222 (2012) (Graves, J„ concurring in part and dissenting in part), and Ibarra v. Thaler, 691 F.3d 677 (2012) (Graves, J., dissenting).