MARTIN, Circuit Judge,
concurring in the judgment:
Mr. Chavez appeals the denial of the District Court’s denial of his pro se motion to appoint him conflict-free counsel to represent him in his warrant litigation and to investigate and present claims against his state postconviction counsel pursuant to Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). He also seeks a stay of his imminent execution on February 12, 2004 at 6:00 p.m.
The Majority opinion properly analyzes Mr. Chavez’s pro se motion as one for substitution of counsel under Martel v. Clair, — U.S. -, 132 S.Ct. 1276, 182 L.Ed.2d 135 (2012). The U.S. District Court for the Southern District of Florida appointed Robert Norgard on March 16, 2010 to represent Mr. Chavez in his initial federal habeas corpus proceedings, pursuant to 18 U.S.C. § 3006A and § 3599.[1] To my knowledge, Mr. Norgard has never been replaced by order of any federal court. See 18 U.S.C. § 3599(e). Section 3599(e) is instructive on this point:
Unless replaced by similarly qualified counsel upon the attorney’s own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiora-ri to the Supreme Court of the United *948 States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.
Id. Mr. Norgard, therefore, is required by statute to continue representing Mr. Chavez “in all later stages of available post-conviction proceedings,” Maj. Op. at 944, as well as “other appropriate motions and procedures ... as may be available to the defendant.” 18 U.S.C. § 3599(e).
I also agree with the Majority that Clair requires us to apply the “interests of justice” standard to motions for substitution of counsel brought by indigent capital defendants who were appointed counsel under § 3599. Clair, 132 S.Ct. at 1281, 1283-87. This is the same standard federal courts apply “in non-capital cases under a related statute, § 3006A of Title 18.” Id. at 1281; id. at 1285 (“[Utilizing § 3006A’s standard comports with the myriad ways that § 3599 seeks to promote effective representation for persons threatened with capital punishment.”). This being the case, federal courts must be guided by the body of law interpreting and applying the “interests of justice” test when evaluating motions by indigent capital defendants. As the Supreme Court emphasized in Clair, “the ‘interests of justice’ standard contemplates a peculiarly context-specific inquiry.” Id. at 1287.
It is the peculiar “context” of Mr. Chavez’s case that leads me to conclude the District Court did not abuse its discretion in denying Mr. Chavez’s pro se request for substitution of counsel. Although Clair noted “any attempt to provide a general definition of the [interests of justice] standard would” likely be unhelpful in light of the need for a context-specific inquiry, it did note that one of the relevant factors was “the timeliness of the motion.” Id. It is the timing of Mr. Chavez’s motion — filed after his death warrant was signed and approximately two and a half years after this Court affirmed the dismissal of his initial § 2254 petition[2] — that is compelling to me.
I am also aware that this Circuit’s binding precedent all but forecloses any attempt by Mr. Chavez to reopen his habeas corpus proceedings by filing a Federal Rule of Civil Procedure 60(b) motion based on Martinez. See generally Arthur v. Thomas, 739 F.3d 611, 629-31 (11th Cir.2014). Finally, in terms of what is not now available to him, it is difficult to see how Mr. Chavez might successfully obtain authorization to file a second or successive § 2254 petition pursuant to 28 U.S.C. § 2244(b)(3), especially given that the Supreme Court’s decision in Martinez was an equitable decision that did not announce a new rule of constitutional law. See Martinez, 132 S.Ct. at 1318. It is important that Mr. Chavez has neither requested nor alleged that he needs conflict-free counsel to prove his actual innocence. See 2244(b)(2)(B); McQuiggin v. Perkins, — U.S. -, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) (“We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations.”). Thus, I am compelled to agree that under our existing and binding precedent, any attempt by Mr. Chavez to *949 file a Rule 60(b) motion or obtain authorization to file a second or successive § 2254 petition is probably futile.
I am less confident, however, that conflict-free counsel could not meaningfully assist Mr. Chavez in other ways. For example, Mr. Chavez, like all capital habe-as petitioners, is free to file an original habeas corpus petition in the United States Supreme Court. See Felker v. Turpin, 518 U.S. 651, 660, 116 S.Ct. 2333, 2338, 135 L.Ed.2d 827 (1996) (concluding that AEDPA did not repeal the Supreme Court’s “authority to entertain original ha-beas petitions.”); see also id. at 661, 116 S.Ct. at 2339 (rejecting suspension of the writ challenge to AEDPA’s gatekeeping system in part because the Supreme Court still retained jurisdiction to hear original habeas corpus petitions). We know, for example, that the Supreme Court’s original habeas corpus jurisdiction is not restricted by 28 U.S.C. § 2244(b)(3)’s gatekeeping system for filing second or successive habeas applications in the same way applicable to second or successive § 2254 petitions filed in the District Courts. Id. at 662, 116 S.Ct. at 2339 (“Section 2244(b) addresses second or successive habeas petitions. Section 2244(b)(3)’s ‘gatekeeping’ system for second petitions does not apply to our consideration of habeas petitions because it applies to applications ‘filed in the district court.’ § 2244(b)(3)(A).”). However, neither Mr. Chavez’s pro se motion nor his counseled pleadings has specifically requested conflict-free counsel for the purpose of presenting an original habeas corpus petition to the United States Supreme Court based on an ineffective assistance of trial counsel claim that his initial-review state collateral counsel ineffectively failed to present.
Nor has Mr. Chavez or his counsel specifically requested the assistance of conflict-free counsel to pursue state clemency. Although the Governor of Florida has previously denied Mr. Chavez clemency, I am not aware of any state law which limits his ability to seek further relief by way of clemency or precludes him from seeking clemency on any basis.

. The District Court later granted Mr. Nor-gard's request to make his appointment retroactive, nunc pro tunc to November 3, 2009, the day after the U.S. Supreme Court denied Mr. Chavez’s petition for certiorari from the denial of his state postconviction proceedings. See Chavez v. Florida, 558 U.S. 996, 130 S.Ct. 501, 175 L.Ed.2d 356 (2009).

. We affirmed the dismissal of Mr. Chavez's initial § 2254 petition for writ of habeas corpus on July 25, 2011. Chavez v. Sec’y Fla. Dep’t of Corr., 647 F.3d 1057 (11th Cir.2011), cert. denied sub nom., Chavez v. Tucker, - U.S. -, 132 S.Ct. 1018, 181 L.Ed.2d 752 (2012).