NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JUAN BENONCICO ESPINOZA, *Petitioner*.

No. 1 CA-CR 13-0024 PRPC
FILED 4-3-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR1989-003435
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Juan Benoncico Espinoza, Florence
*Petitioner Pro Per*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**T H U M M A,** Judge:

¶1   Petitioner Juan Benoncico Espinoza pled guilty to kidnapping and sexual assault in 1989. The superior court sentenced him to an aggregate term of twenty-one years' imprisonment and this court affirmed his convictions and sentences on direct appeal. *State v. Espinoza*, 1 CA-CR 89-1540 (Ariz. App. May 2, 1991). Espinoza now seeks review of the summary dismissal of his fourth petition for post-conviction relief. This court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶2   Espinoza argues his trial counsel was ineffective and the trial court erred when they failed to adequately explain the sentencing provisions of the plea agreement or the potential consequences of those sentencing provisions. Espinoza contends his plea was not knowing, intelligent and voluntary due to the inactions of his counsel and the court. Espinoza further argues the court erred when it imposed sentences that Espinoza believes were not in accordance with the plea agreement. Finally, Espinoza contends his appellate counsel was ineffective by failing to raise these issues on direct appeal. Espinoza also asserts the United States Supreme Court decision in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise these claims in an untimely fashion.

¶3   Although granting review, addressing the relief requested, Espinoza raised and/or could have raised these issues in his prior petitions for post-conviction relief. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. Moreover, *Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. This simply means Espinoza may be able to seek habeas corpus relief in federal court based on ineffective assistance of counsel, not that his claims in this state court proceeding properly may be raised in an untimely fashion.

¶4     This court grants review and denies relief.



**Ruth A. Willingham** · Clerk of the Court
FILED: MJT