JAMES L. DENNIS, Circuit Judge,
concurring:
I concur as to Part I of the order to remand for further consideration in light of the Supreme Court’s recent holding in Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), but I write separately to note that I would further instruct the district court to carry out a full reconsideration of the Petitioner’s ineffective-assistance-of-counsel claim in accordance with both Trevino and Martinez v. *366 Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).
Petitioner has presented significant evidence in support of his argument that his state-court trial counsel provided him with constitutionally ineffective assistance in the investigation and presentation of mitigation evidence at trial, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In federal habeas proceedings, Petitioner presented the declarations of thirty-nine lay witnesses and an expert witness who were available to testify at trial but were not called by trial counsel. These witnesses would have testified regarding, inter alia, Petitioner’s childhood history of physical abuse and emotional neglect, as well as evidence of his significant substance abuse and psychiatric disorder; issues that had not been fully raised before the trial court.
In its previous decision denying Petitioner’s motion for relief from judgment, the district court stated that it had “already reviewed the merits of Haynes’ Strickland claim in the alternative and found it to be without merit” and that therefore “he has already received all the relief he has requested.” Haynes v. Thaler, No. H-05-3424, 2012 WL 4739541, at *5-6 (S.D.Tex. Oct.3, 2012). The district court was apparently referring to three sentences of an earlier opinion, in which the district court concluded that:
[A]s noted by respondent, Haynes’ argument is essentially “not that counsels’ performance should have been better, rather, his argument is that counsel should have investigated and presented evidence at the punishment phase in a completely different manner.” The record indicates that the defense counsel (as well as the prosecution and trial court) went to great lengths to ensure that Haynes’ constitutional rights were protected and viable defenses pursued. Haynes’ allegations do not show flagrant omissions by the players involved in his trial; rather, they merely demonstrate the exercise of strategy and typify the maxim that “the Constitution entitles a criminal defendant to a fair trial, not a perfect one.”
Haynes v. Quarterman, No. H-05-3424, 2007 WL 268374, at *9 (S.D.Tex. Jan.25, 2007) (citations omitted). The district court did not conduct an analysis of — or even discuss — the post-conviction evidence. Given the cursory nature of this analysis, I would instruct the district court to reconsider the Petitioner’s ineffective-assistance-of-counsel argument on remand.