**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS A. WIESE III,

        Petitioner-Appellant,

v.

MARK NOOTH,

        Respondent-Appellee.

No.   17-35910

D.C. No.
2:15-cv-00008-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 9, 2018
Portland, Oregon

Before: FISHER and CALLAHAN, Circuit Judges, and BENCIVENGO,[**] District Judge.

Curtis A. Wiese III appeals the district court's denial of his petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254 as procedurally defaulted. The

district court issued a certificate of appealability on the issue of whether the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

procedural default should be excused based on an exception established in *Martinez v. Ryan*, 566 U.S. 1 (2012), and whether this exception applies is the only issue Wiese raises on appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of Wiese's habeas petition, *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), and we affirm.

The general rule is that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In *Martinez*, however, the Supreme Court "announced a narrow exception to *Coleman*'s general rule." *Davila v. Davis*, 137 S.Ct. 2058, 2062 (2017). The Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. To establish "cause" sufficient to excuse a procedural default pursuant to the exception created in *Martinez*, a petitioner must show that:

2

(1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 13-15, 17-18).

Wiese contends that his counsel did not convey a plea offer made by the state prosecutor before trial and that had Wiese been informed of the offer, he would have accepted it and received a lesser sentence than he ultimately received. Instead, Wiese was found guilty after a trial and was sentenced to twenty-five years in prison. The parties do not dispute that: (1) in Oregon, post-conviction review is the initial review proceeding for any claim of ineffective assistance of counsel ("IAC") arising out of Wiese's attorney's alleged failure to convey a plea offer; (2) Oregon law requires such an IAC claim to be raised on post-conviction review; (3) on post-conviction review, Wiese did not assert an IAC claim based on the failure to convey a plea offer; and (4) as a result, any IAC claim arising out of the failure to convey a plea offer was procedurally defaulted. The only issues disputed on appeal are whether the IAC claim arising out of the failure to convey a plea offer

3

was substantial and whether Wiese's post-conviction review counsel was ineffective for failure to raise the claim.

For an underlying IATC claim to be "substantial," it must have "some merit." *Martinez*, 566 U.S. at 16. In defining substantiality, *Martinez* referred to the established standard for issuing a certificate of appealability, wherein "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "Stated otherwise, a claim is 'insubstantial' if 'it does not have any merit or . . . is wholly without factual support.'" *Martinez*, 566 U.S. at 16.

Given the relatively low standard for "substantiality" and the record here, it is difficult to accept the district court's conclusion that the underlying IATC claim lacked any merit and was "wholly without factual support." The record in this case provides *some* factual support, in addition to petitioner's own contention, for the claim that his trial counsel failed to communicate the plea offer terms. It also contains facts that potentially undermine or contradict petitioner's IATC claim. Based on the factual controversy presented, "reasonable jurists could debate" whether and to what extent trial counsel communicated the plea offer to his client,

thereby presenting a claim of IATC that may be "adequate to deserve" further review.[1]  *Miller-El*, 537 U.S. at 336.  Accordingly, we find the district court erred in its assessment of the substantiality of the IATC claim at this preliminary stage of deciding the procedural default issue.

Despite the district court's misapplication of the substantiality standard under *Martinez*, we find that the petitioner nonetheless fails to meet the final requirement of *Martinez* by failing to demonstrate that his PCR counsel was constitutionally ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner must establish both that (1) his PCR counsel's performance was deficient, and (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different.   He has not met his burden on either prong.

Although PCR counsel did not formally amend the petition upon learning of the asserted undisclosed plea offer, he raised the claim orally during the PCR hearing.  Petitioner did not present evidence to the district court that raising this

---

[1] The district court expressly found "that reasonable jurists could debate whether Petitioner was offered the ten-year plea bargain," yet also concluded that petitioner's underlying IATC claim was not substantial.  Considering that the standard of "whether-reasonable-jurists-could-debate" is how the district court should have reviewed the substantiality of the underlying IATC claim, these findings seem incongruous.

claim orally at the hearing, but not in writing, falls constitutionally short of the "wide range of professionally competent assistance." *Id.* at 690.

Affidavits and testimony regarding the facts underlying the claim that petitioner's trial counsel had failed to communicate a plea offer were presented and argued, and the PCR judge still denied the petition, finding petitioner had not met his burden that any errors by trial counsel had an adverse effect on his case. Petitioner did not present evidence to the district court that had his petition been formally amended to present the same evidence, the result of the proceeding would have been different.

As such, the *Martinez* exception does not excuse petitioner's procedural default in this case. On those grounds, we affirm the district court's dismissal of the habeas petition.

**AFFIRMED**.

FILED

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FISHER, Circuit Judge, concurring:

I concur in the disposition but write separately to explain my views.

I agree with the majority that Wiese has failed to establish cause for his procedural default under the requirements set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012). However, Wiese fails those requirements because he has not established his underlying ineffective assistance of trial counsel (IATC) claim is "substantial." *Id*. at 14.

Wiese bears the burden of establishing substantiality. *See id*. Although the substantiality standard is low, it requires "some merit." *Id*. Wiese's IATC claim is premised on his contention that defense counsel did not convey the state's 10-year plea offer. In his affidavit submitted to the district court, however, Wiese stated he "was offered a plea agreement for 10 years for each of the two counts for a total of twenty years in prison," and "do[es] not remember if both counts were to be run consecutive or concurrent." Of course, if both counts were to run concurrently, Wiese *was* conveyed the 10-year offer. The district court weighed Wiese's affidavit against affidavits by the prosecutor and defense counsel, both of which supported the inference that defense counsel conveyed the 10-year offer – and Wiese rejected it. Given the limited and inconsistent evidence Wiese adduced in

support of his IATC claim, I agree with the district court that the claim is insubstantial.

Were I to agree with the majority that the claim is substantial, however, I would remand for factual development on the issue of whether postconviction counsel performed effectively despite failing to raise the claim. *See Detrich v. Ryan*, 740 F.3d 1237, 1247 (9th Cir. 2013) (en banc) (plurality opinion).

First, the record suggests postconviction counsel's omission of the IATC claim was not strategic. Despite being aware of the claim, postconviction counsel failed to amend Wiese's state habeas petition to include it, resulting in its default. Effective counsel need not raise every nonfrivolous argument on appeal, *see Smith v. Murray*, 477 U.S. 527, 536 (1986), but there is no evidence postconviction counsel made a strategic decision to winnow out Wiese's IATC claim in favor of stronger arguments. The majority suggests postconviction counsel discharged his duty of effective assistance by raising the facts underlying the IATC claim in oral argument at the postconviction trial. This is unpersuasive. Because postconviction counsel failed to amend the petition to include the claim, alluding to those facts orally did not prevent the claim from being defaulted on appeal and, consequently, precluded from federal review.

Second, assuming *arguendo* Wiese's IATC claim is substantial, there is a "reasonable probability" he was prejudiced by its omission from his postconviction

proceedings. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014). This inquiry is "necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id*. The Supreme Court has held plea bargaining is a critical stage of trial proceedings to which the right to effective assistance of trial counsel applies, *see Hill v. Lockhart*, 474 U.S. 52, 57 (1985), and failure to communicate a plea offer generally constitutes deficient performance, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012). If Wiese's trial counsel failed to convey the 10-year offer, the fact he was sentenced to 25 years in prison plus lifetime supervision strongly supports a prejudice showing.

Nevertheless, because I agree with the district court that Wiese has not established a substantial IATC claim, I would affirm.