**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER TERRELL LAMBERT, | No. 18-36011 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-00847-SI |
| v. | |
| GUY HALL, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 13, 2020**
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,*** District Judge.

Christopher Lambert appeals the denial of his habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

This court reviews the federal district court's decision de novo, but our review of state court decisions is highly deferential because of the heavy presumptions that favor upholding state court convictions on federal habeas review. *See Dyer v. Hornbeck*, 706 F.3d 1134, 1137 (9th Cir. 2013). We may "affirm [the denial of habeas relief] on any ground supported by the record even if it differs from the rationale of the district court." *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

Lambert claims that his trial attorney violated his Sixth Amendment right to effective assistance of counsel when the attorney allegedly failed to communicate a pre-trial plea offer to him. But the record contains no credible evidence that Lambert was not made aware of the state's plea offer prior to trial. The only evidence Lambert has offered to support his claim is his own statement that he was never told about the plea offer.[1] Lambert participated in-person in a pre-trial settlement conference with his trial attorney, the entire purpose of which was to negotiate a possible plea deal. It strains credulity to think that a criminal defendant who attended a plea negotiation with his lawyer would not have the plea offer communicated to him. Lambert bore the burden of proof to "show that counsel's performance was

---

[1] Lambert's post-conviction counsel said that she found no documentation in the trial counsel's file confirming that he had communicated the plea offer to Lambert. Under these circumstances, with Lambert having participated in a settlement conference with a mediator, the absence of documentation in the file does not create a serious concern that the offer was not conveyed.

deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He failed to meet that burden.

Alternatively, Lambert claimed that he was denied his Sixth Amendment right to conflict-free counsel because his trial attorney had an unwaivable conflict of interest and was motivated solely by his own self-interest in winning at trial.[2] But Lambert failed to raise this argument before the state post-conviction court as required by Or. Rev. Stat. § 138.550(3). This claim is therefore procedurally defaulted. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

We may consider Lambert's defaulted claim if he shows cause for the default and demonstrates that he suffered prejudice. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). He must show that he had "[i]nadequate assistance of counsel at initial-review collateral proceedings" to establish cause. *Id.* at 9. But Lambert cannot show that his post-conviction counsel performed in a deficient manner by failing to raise the now-defaulted claim because Lambert did not "demonstrate that the [defaulted] claim ha[d] some merit." *Id.* at 14. And even if he could establish cause, he did not suffer prejudice. The defaulted claim and supporting arguments were based on evidence and legal theories that overlapped significantly with Lambert's primary

---

[2] Lambert also argued that his trial counsel had an actual conflict of interest under *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Even if this related argument was not procedurally defaulted, it would still fail. This Court "explicitly limited [*Sullivan*'s] presumption of prejudice for an actual conflict of interest … to cases involving 'concurrent representation.'" *Rowland v. Chappell*, 876 F.3d 1174, 1192 (9th Cir. 2017). Concurrent representation is not at issue here.

3

ineffective assistance of counsel claim. Thus, it is unlikely the defaulted claim would have affected the outcome even if timely asserted.

Even if this Court could consider the merits of Lambert's procedurally defaulted claim, he would not prevail. Lambert engaged in an unlawful scheme to suborn perjured testimony, retained a lawyer who helped execute that scheme, and is now trying to avoid his conviction by complaining about his lawyer doing what he asked him to do. Allowing a criminal defendant to specifically seek a corrupt lawyer willing to help lie to the court, partner with that lawyer in promoting such lies, and then—when it does not work—claim he was prejudiced by his lawyer's illegal behavior, would encourage everyone to seek their own Tom Hagen.[3] There is no basis in the Constitution for sanctioning such a perverse conclusion.

**AFFIRMED**.

---

[3] In the *Godfather* movies, Tom Hagen was the Corleone family's always loyal, but less than ethical, lawyer.