**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENA R. LINTON-HELMS,

           Petitioner-Appellant,

   v.

PAULA J. MEYERS, Superintendent,
Coffee Creek Correctional Facility,

           Respondent-Appellee.

No.   21-35172

D.C. No. 3:19-cv-00877-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 7, 2022
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,[**] District Judge.

Petitioner Dena Linton-Helms appeals the district court's dismissal of her

ineffective assistance of counsel claim as procedurally defaulted in its denial of her

habeas petition under 28 U.S.C. § 2254. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Christina Reiss, United States District Judge for the District of
Vermont, sitting by designation.

28 U.S.C. §§ 1291 and 2253. We review the district court's denial of habeas relief de novo, *Dyer v. Hornbeck*, 706 F.3d 1134, 1137 (9th Cir. 2013), and review for abuse of discretion the denial of an evidentiary hearing, *Runningeagle v. Ryan*, 825 F.3d 970, 990 (9th Cir. 2016).

After briefing and oral argument in this case, the Supreme Court decided *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), which the parties addressed in supplemental briefing. The parties dispute whether the government has waived any objection to the new evidence that was submitted before the federal district court. But it is unnecessary for us to resolve that dispute because, even assuming without deciding that any objection to the new evidence in this case has been waived, Petitioner still does not prevail.

The parties, and we, agree that Petitioner's ineffective assistance of trial counsel claim (for inadequate communication during plea negotiations) is procedurally defaulted because she failed to raise it on state collateral review. Accordingly, we may not consider the defaulted claim unless Petitioner can satisfy the "narrow exception" announced in *Martinez* by demonstrating cause to excuse the default and actual prejudice from the alleged error. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012).

To establish cause, Petitioner must demonstrate that her post-conviction relief counsel "was ineffective under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.

2052, 80 L.Ed. 674 (1984)." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019). In turn, *Strickland* requires a showing of both deficient performance and prejudice. *Strickland*, 466 U.S. at 688.

On the existing record that we may consider on the merits under *Shinn,* 142 S. Ct. at 1734, which is limited to the state-court record, Petitioner failed to satisfy either prong of *Strickland* because the evidence, even viewed in her favor, is unclear and conflicting. Thus, Petitioner has not carried her burden.

Even if additional evidence in Petitioner's favor were to come to light at an evidentiary hearing, under *Shinn* the district court could not grant relief based on any such additional evidence. Accordingly, the district court did not abuse its discretion by denying an evidentiary hearing.

**AFFIRMED**.