**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICKEY WAHL, | No. 21-16174 |
| Petitioner-Appellant, | D.C. No. 4:18-cv-00046-DCB |
| v. | |
| CHARLES L. RYAN, | MEMORANDUM* |
| Respondent, | |
| and | |
| ATTORNEY GENERAL FOR THE STATE OF ARIZONA; DAVID SHINN, Director, | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 6, 2023
Las Vegas, Nevada

Before: CLIFTON, BYBEE, and BENNETT, Circuit Judges.

Petitioner-Appellant Mickey Wahl ("Wahl") appeals the district court's

denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. While

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

denying and dismissing with prejudice Wahl's habeas petition, the district court certified for appeal one claim of post-conviction review ("PCR") ineffective assistance of counsel ("IAC"). We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm. Because the facts and procedural history are familiar to the parties, we do not recount them here.

We review a district court's denial of habeas relief, including questions regarding procedural default de novo. *Dickinson v. Shinn*, 2 F.4th 851, 857 (9th Cir. 2021). "Ineffective assistance of counsel claims are mixed questions of law and fact which we also review de novo." *Id*. (quoting Jones v. Shinn, 943 F.3d 1211, 1219–20 (9th Cir. 2019). The district court's factual findings are reviewed for clear error. *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010).

In the sole issue certified for appeal,[1] Wahl alleges that his PCR counsel was ineffective by not raising a claim of trial counsel ineffectiveness, thus excusing the procedural default of that claim (which he admits) under *Martinez v. Ryan*, 566 U.S. 1 (2012).

When a claim is procedurally defaulted, a federal habeas court can review the merits of the claim only if the petitioner is "able to make two showings: (1)

---

[1] Wahl also raises several other issues that have not been certified for appeal by the district court and for which we decline to issue a certificate of appealability because he failed to make a substantial showing of the denial of constitutional rights that reasonable jurists would find debatable. *See* 28 U.S.C. § 2253(c)(2); *Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017); Ninth Cir. R. 22–1(e).

21-16174

'cause' for the default, where the cause is something external to the prisoner that cannot be fairly attributed to him; and (2) prejudice." *Clabourne v. Ryan*, 745 F.3d 362, 375 (9th Cir. 2014), *overruled in part on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc) (citation omitted). In states where trial IAC claims must be raised in post-conviction collateral proceedings, as is the case in Arizona, such "cause" sufficient to excuse a procedural default may exist "if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012).

In *Clabourne*, we explained that to demonstrate "cause" under *Martinez*, a petitioner "must establish . . . that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance," the post-conviction proceedings would have resulted differently. *Clabourne*, 745 F.3d at 377 (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). Thus, determining the probability that PCR proceedings would have been different is "necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.*

Wahl contends that his trial counsel was ineffective in failing to request a jury instruction defining the term "unlawful physical force" within the self-defense jury instruction when self-defense was the crux of his defense. Even if we assume

that PCR counsel's failure to make this argument was deficient performance,[2] we conclude that there is no reasonable probability that the PCR proceedings would have resulted differently because a jury instruction defining "unlawful physical force" would not have changed the outcome.

First, the trial court's definition of "unlawful" instructed the jury to consider whether "the context so requires, [that the actions in question are] not permitted by law." There was significant witness testimony—including from Wahl—regarding the physical altercation between Wahl and the victim, such as testimony that the victim was punching Wahl through an open car window, trying to grab the steering wheel from Wahl, and attempting to pull Wahl from his seat through the window. It is implausible that a reasonable juror would think that the victim's actions were, in context, permitted by law.

Second, Wahl's reliance on *State v. Fish*, 213 P.3d 258, 275–78 (Ariz. Ct. App. 2009), is misplaced. *Fish* does not require a court to have defined "unlawful physical force" in Wahl's case. In *Fish*, the court worried that

> a jury not instructed on the definitions of assault and endangerment may have concluded there could not have been unlawful physical force because there was no contact [between the defendant and the victim]—[which] makes it clear that the missing instructions provided the jury with the means of completely disregarding all of the self-defense evidence.

---

[2] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

4

*Id.* at 279 (internal quotation and citation omitted). Unlike in *Fish*, a reasonable juror here could not have disregarded the self-defense evidence given the extensive evidence of physical contact between Wahl and the victim. Additionally, unlike in *Fish*, in which "[t]he only real issue at trial was self-defense," *id.* at 277, Wahl raised defense-of-an-occupied-vehicle and pursued alternative theories of who had caused the victim's death.

Because it is unlikely that trial counsel asking for the definitional jury instruction would have changed the outcome of the trial, it is equally unlikely that PCR counsel having raised this trial IAC claim would have changed the outcome of the post-conviction proceedings. Therefore, Wahl has not demonstrated cause to excuse PCR counsel's procedural default of this trial IAC claim.[3]

**AFFIRMED**.

---

[3] We therefore need not consider whether the alleged PCR IAC claim was prejudicial. *Clabourne*, 745 F.3d at 377 (petitioner must show *both* cause and prejudice to overcome procedural default).

21-16174