An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GONZALO HERNANDEZ
VILLALOBOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63356

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed his petition on March 1, 2013, more than three years after issuance of the remittitur on direct appeal on August 25, 2009. *Villalobos v. State*, Docket No. 48079 (Order of Affirmance, May 29, 2009). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.* Good cause must be an impediment external to the defense. *See Lozada v. State*, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994).

Appellant claimed that his appellate counsel was ineffective for failing to communicate with him regarding the appeal. Appellant

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30680

further claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause. Appellant failed to demonstrate that his appellate counsel's failure to communicate prevented him from filing a timely petition. Further, appellant's reliance upon *Martinez* was misplaced as the instant petition was the first petition and *Martinez* does not apply in these circumstances. Further, the appointment of counsel was discretionary, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Moreover, we note this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. James M. Bixler, District Judge
Gonzalo Hernandez Villalobos
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk