
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANSELL MATRIA JORDAN, | No. 12-16975 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00300-ECR-WGC |
| v. | |
| CRAIG FARWELL; NEVADA ATTORNEY GENERAL; DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and Submitted September 12, 2014
San Francisco, California

Before: SCHROEDER and W. FLETCHER, Circuit Judges, and CURIEL, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

Habeas petitioner Ansell Matria Jordan argues that he is entitled to have his procedural default excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The underlying claim is that petitioner's trial counsel was ineffective in failing to cross-examine principal witnesses about prior sexual assaults by others on the victim.

The district court, without applying *Martinez*, found that petitioner's claims were procedurally defaulted. The district court also looked at the underlying claim, however, and found it to be without merit. We agree. Even assuming that petitioner could demonstrate cause and prejudice under *Martinez* to excuse his procedural default, his claim would nonetheless fail on the merits. The prior sexual assaults represent the type of evidence rendered inadmissable under Nevada's rape shield law, Nev. Rev. Stat. § 50.090. Moreover, there is no reasonable probability that the admission of such evidence would have changed the result of petitioner's trial, given the physical evidence and corroborating testimony.

The district court's decision is therefore **AFFIRMED**.