WR-84,065-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/26/2015 12:06:35 PM
Accepted 10/26/2015 1:02:29 PM
ABEL ACOSTA
CLERK

WR-_____
(Trial Court Cause No. W12-12630-Y(A))

| | | |
|---|---|---|
| Ex parte Franklin Davis | § | Court of Criminal Appeals |
| | § | Austin, Texas |

## State's Objection to Applicant's Motion For "Preemptive Extension" Under Article 11.071, Section 4A and State's Motion to Unseal Applicant's Motion and Affidavit

The State, by and through its Criminal District Attorney of Dallas County, Texas, files this objection and motion in response to applicant's sealed motion to further extend the deadline for filing his original habeas application. The State opposes the extension request and asks this Court to unseal applicant's motion and the supporting affidavit. In support of this objection and motion, the State presents the following:

### Procedural History

The applicant, Franklin Davis, murdered sixteen-year-old Shania Gray on September 6, 2012. Davis was convicted of her capital murder, and, on November 16, 2013, he received the death penalty. Two days later, the trial court appointed the Office of Capital and Forensic Writs (OCFW) to represent Davis in his original state habeas writ proceeding. (State's Ex. A – "Order and Notice").

OCFW's initial deadline for filing Davis's writ application was September 18,

2015. OCFW requested and received, with the State's assent, its one, statutorily authorized ninety-day extension, moving its deadline to December 17, 2015.[1] *See* Tex. Code Crim. Proc. art. 11.071, § 4(b) (West 2015). Thus, as of today, OCFW has been handling Davis's writ proceedings for nearly two years and still has almost two more months to complete his application.

## Extension Not Authorized by Section 4A

OCFW asks this Court to act outside of its authority under article 11.071. Tex. Code Crim. Proc. Ann. art. 11.071 (West 2015). OCFW seeks a "preemptive extension motion" under section 4A of article 11.071. Tex. Code Crim. Proc. Ann. art. 11.071, § 4A. Section 4A does not authorize this Court to grant additional time to an applicant unless and until his writ application is late or untimely filed. Tex. Code Crim. Proc. Ann. art. 11.071, § 4A(a). Davis's application is not due for almost two more months and, consequently, is not yet late or untimely.

Furthermore, section 4A does not vest this Court with jurisdiction over Davis's habeas proceedings until the trial court notifies it that an untimely application has been filed or that the deadline has passed without an application being filed. Tex. Code Crim. Proc. Ann. art. 11.071, § 4. Until that time, the trial

---

[1] The Dallas County District Attorney's Office customarily agrees to the statutorily authorized 90-day extension.

court retains jurisdiction over the writ proceedings, and, thus, this Court is without authority to grant any additional time under section 4A.

Applicant cites this Court to *Ex parte Smith* in which this Court granted a preemptive extension to habeas counsel under section 4A. *See Ex parte Smith*, No. WR-70,593-01, 2008 Tex. Crim. App. Unpub. LEXIS 990, at *2-3 (Tex. Crim. App. Oct. 1, 2008) (not designated for publication). The State disagrees that the extension in *Smith* was authorized under section 4A. As noted above, it is in direct conflict with the clear and unambiguous language of the statute. But more importantly, *Smith* is limited by its "extraordinary and unfortunate circumstances." *Id*. at *2.

At the time he requested the preemptive extension, Smith's habeas counsel had recently replaced another attorney who became seriously ill. *Id*. Even with the statutorily authorized 90-day extension, Smith's new habeas counsel had only seven months to complete an investigation and prepare an application. *Id*. And notably, the State did not oppose the request for additional time. *Id*.

In contrast, OCFW has been representing Davis for almost two years and over that period of time has (as set out in greater detail below) conducted a substantial investigation. In addition, OCFW is asking this Court to extend its deadline in not one but several cases. And by granting OCFW's request, this Court

3

would effectively be exempting OCFW from the waiver provision of section 4(e) of article 11.071 in all of those cases. Tex. Code Crim. Proc. Ann. art. 11.071, § 4(e) (providing that failure to file application before the deadline constitutes a waiver of all grounds for relief that were available to the applicant before the last date on which the application could have been timely filed).

Additionally, the instant request for more time is unlikely to be OCFW's last. As noted in the extension motion, OCFW represents a large number of death penalty habeas applicants. Granting additional time in these cases with deadlines in the coming two months will almost surely have the domino effect of delaying work on cases with applications currently due just after the first of the year. If the Court grants the instant request, how will it be able to justify denying additional requests in the coming months?

## An Extension is Unjustified

Even assuming section 4A authorized a preemptive extension, the provision requires a showing of "good cause" for the lateness of the application. *Id*. at § 4A(b). OCFW fails to establish good cause for the delay in Davis's case.

As noted above, OCFW was appointed to Davis's case almost two years ago. By OCFW's own assertions, the office has been actively working on Davis's writ application for, at least, several months, if not longer. In OCFW's August 2015

4

motion for extension, Ms. Erin Eckhoff[2] attested that OCFW had accomplished the

following:

- collected and reviewed files created during Davis's trial, including those held by his trial counsel, defense team investigators, and various experts hired for either consultation or testimony by the defense team;

- reviewed the clerk's and reporter's records, both of which are substantial;

- independently identified and collected various records from Davis's life history;

- completed a substantial independent investigation into Davis's background and into the circumstances surrounding his conviction;

- identified multiple witnesses who have knowledge potentially pertinent to claims Davis intends to present in his application;

- identified several areas in which expert assistance is necessary; and

- had begun identifying additional witnesses who will need to be interviewed.

(State's Ex. B – Davis's "Unopposed Motion for Ninety-Day Extension of Time to File Initial State Habeas Application," pp. 4-5). Furthermore, according to Ms. Eckhoff, OCFW needed only to finish reviewing "voluminous institutional records" and obtain affidavits from its experts. *Id*. at pp. 5-6.

---

[2] Although Ms. Eckhoff handled the extension motion, Mr. Derek Verhagen has handled all other pleadings and communications with the State.

In addition to the work noted in their prior extension request, OCFW has (1) obtained access to sealed items (i.e., juror information) in the district clerk's custody, (2) viewed in person the exhibits offered into evidence at trial, and (3) moved for access to the State's trial files.[3] Moreover, several members of OCFW, including Mr. Derek Verhagen, attended oral argument on Davis's direct appeal.

In the affidavit accompanying his sealed extension motion, the new director of OCFW, Mr. Benjamin Wolff, does not acknowledge the work that his staff has already completed in Davis's case. Nor does he allege or explain how his staff's work is deficient or inadequate. Mr. Wolff asserts only generally that a backlog exists due to the replacement of the previous director and staff turnover. Given that the request Mr. Wolff makes of this Court is highly unusual, if not unprecedented, his motion should at least specifically address what the additional ninety days is needed for. Absent some showing of a specific need in Davis's case particularly, his request for additional time should be denied.

## Motion and Affidavit Should Be Unsealed

Whether or not the Court grants OCFW's request in this case, the State asks the Court to unseal the motion and the supporting affidavit of Mr. Wolff. In support of its request to seal the motion and affidavit, OCFW cites Texas Civil

---

[3] In the past, the Dallas County District Attorney's Office has provided state writ counsel access to its trial files after the filing of the writ application.

6

Procedure Rule 76a. Tex. R. Civ. Proc. 76a. But this rule does not govern in criminal proceedings. It provides for the sealing of court documents in only civil cases. OCFW effectively acknowledges as much, citing the rule by way of comparison only. (Motion, p. 5).

OCFW also cites this Court to article 1.27 of the criminal procedure code. Tex. Code Crim. Proc. Ann. art. 1.27 (West 2005). This article provides that, where the code does not provide a rule of procedure, the common law applies. *Id*. Yet OCFW fails to identify, and the State is not aware of, any case law authorizing the sealing of criminal court documents under these circumstances.

Furthermore, the motion and affidavit need to be public.

OCFW's appointment in death penalty habeas proceedings is mandated by statute. Tex. Code Crim. Proc. Ann. art. 11.071, § 2. There are exceptions to OCFW's appointment, however. In particular, the office may not accept an appointment if: (1) a conflict of interest exists; (2) the office has insufficient resources to provide adequate representation for the defendant; (3) the office is incapable of providing representation for the defendant in accordance with the rules of professional conduct; or (4) other good cause is shown for not accepting the appointment. Tex. Gov't. Code Ann. § 78.054 (West 2013).

A trial court could reasonably conclude that OCFW's current docket and manpower issues directly relate to the office's ability to provide adequate representation at this time. A court could also conclude that those same issues constitute "other good cause" not to appoint OCFW in the immediate future. Indeed, until these issues are resolved, appointment of other counsel may be the most prudent action. If the situation is as serious as alluded to in OCFW's motion and affidavit, then trial court judges should be made aware of it so that they may make an informed decision and ensure that counsel with adequate time, resources, and experience are appointed. As Mr. Wolff acknowledges in his affidavit, "the rushed and impaired representation of the OCFW in these cases could at some point be subject to attack under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013)." (Wolff Affidavit, p. 10).

## Prayer

For the foregoing reasons, the State asks the Court to dismiss or deny Davis's extension request and to unseal his motion and the supporting affidavit.

Respectfully submitted,

_____

Susan Hawk | Lisa Smith (SBN 00787131)
Criminal District Attorney | Assistant District Attorney
Dallas County, Texas | Frank Crowley Courts Bldg.
 | 133 N. Riverfront Blvd., LB-19
 | Dallas, Texas 75207-4399
 | lbsmith@dallascounty.org
 | (214) 653-3630

## Certificate Of Service

The State mailed a true copy of the foregoing response to applicant's counsel, Benjamin B. Wolff, Office of Capital and Forensic Writs, at Benjamin.Wolff@ocfw.txas.gov), on October 26, 2015.

_____
Lisa Smith

## Certificate of Compliance

According to Microsoft Word 2010, this response is 1783 words long. *See* Tex. R. App. P. 73.1(f); Tex. R. App. P. 73.3.

_____
Lisa Smith

# State's Ex. A

# CAUSE NO. F1212630

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | CRIMINAL DISRICT COURT NO. 7 |
| VS. | § | |
| FRANKLIN DAVIS | § | DALLAS COUNTY, TEXAS |

## ORDER AND NOTICE

The above named defendant was convicted of capital murder and sentenced to death on November 16, 2013. The Court finds that the defendant is indigent and desires to have counsel appointed for the purpose of a writ of habeas corpus under Art. 11.071, Texas Code of Criminal Procedure.

Therefore, the Court hereby appoints the Office of Capital Writs and Director Brad D. Levenson as counsel for defendant to investigate the case, file the appropriate writ, and represent the defendant fully. Following the Motion for New Trial, Kara Johnson, Phillip Hayes, Brady Wyatt, and Doug Parks are relieved of their representation of Mr. Davis.

The District Clerk is hereby ordered to forward a copy of this Order and Notice to the Office of Capital Writs and to the Court of Criminal Appeals. Appointed counsel's address is as follows:

Brad D. Levenson
Office of Capital Writs
Stephen F. Austin Building
1700 N. Congress Avenue, Suite 460
Austin, Texas 78701
512-463-8502 – Direct
512-463-8590 – Fax
Brad.Levenson@ocw.texas.gov

So ordered this 18th day of November 2013.

Michael Snipes
Presiding Judge
Criminal District Court No. 7

203

# State's Ex. B

## IN THE 7TH CRIMINAL DISTRICT COURT
## DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| **EX PARTE** | ) | **Trial Cause No.** |
| **Franklin Davis,** | ) | **F1212630** |
| **APPLICANT** | ) | |
| | ) | |
| | ) | |
| | ) | |

## UNOPPOSED MOTION FOR NINETY-DAY EXTENSION OF TIME TO FILE INITIAL STATE HABEAS APPLICATION

OFFICE OF CAPITAL WRITS
DEREK VERHAGEN (No. 24090535)
(E-mail: Derek.VerHagen@ocw.texas.gov)
ERIN M. ECKHOFF (No. 24090910)
(E-Mail: Erin.Eckhoff@ocw.texas.gov)
Post-Conviction Attorneys
Office of Capital Writs
1700 N. Congress Ave., Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

## IN THE 7TH CRIMINAL DISTRICT COURT
## DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| _____ | ) | **Trial Cause No.** |
| **EX PARTE** | ) | **F1212630** |
| **Franklin Davis,** | ) | |
| **APPLICANT** | ) | |
| | ) | |
| _____ | ) | |

## UNOPPOSED MOTION FOR NINETY-DAY EXTENSION OF TIME TO FILE INITIAL STATE HABEAS APPLICATION

Franklin Davis ("Applicant"), through his attorneys the Office of Capital Writs ("OCW"), requests this Court grant an extension of time to file his initial state habeas application under article 11.071 of the Texas Code of Criminal Procedure.[1] Article 11.071, section 4(b), authorizes this Court to grant one ninety-day extension for good cause shown. Tex. Code Crim. Proc. art. 11.071 § 4(b). For the reasons set out below, Applicant believes good cause exists to justify the granting of a ninety-day extension, to December 17, 2015, to allow Applicant the opportunity to file a thorough and complete initial state habeas application.

---

[1] The OCW contacted Dallas County Assistant District Attorney Rebecca D. Ott regarding this Motion on August 11, 2015. Ms. Ott indicated that her office does not oppose applicant's request for the statutorily-permitted extension under Article 11.071, Section 4(b).

2

# I.

## PROCEDURAL HISTORY

Applicant was convicted of capital murder and sentenced to death on November 16, 2013. He is confined under a sentence of death pursuant to the judgment of this Court. John Tatum was appointed as appellate counsel on Applicant's behalf. On February 27, 2015, Mr. Tatum filed an opening brief on appeal, *Franklin Davis v. The State of Texas*, in the Court of Criminal Appeals ("CCA"), cause number AP-77,031. The State's brief in response was filed on August 4, 2015. The issues raised on direct appeal are now before the CCA for consideration.

This Court appointed the OCW on November 18, 2013, to represent Applicant in his state habeas corpus proceedings. Article 11.071 sets the deadline for filing an initial application as the 180th day after the date habeas counsel is appointed or the 45th day after the State files its original brief on direct appeal, which ever date falls later. Tex. Code Crim. Proc. art. 11.071 § 4(a). Therefore, Applicant's initial application for state habeas corpus relief is currently due in this Court on or before September 18, 2015.

## II.

## STATEMENT OF FACTS

Following its appointment, the OCW has endeavored to expeditiously and thoroughly investigate Applicant's background and conviction for any factual and legal grounds for habeas corpus relief, as instructed under Article 11.071, section 3(a).

In Applicant's case, the OCW has collected and reviewed files created during Applicant's trial, including those held by Applicant's trial counsel, defense team investigators, and various experts hired for either consultation or testimony by the defense team. Additionally, the OCW has reviewed the clerk's and reporter's records, both of which are substantial. The clerk's record consists of four volumes and the reporter's record contains seventy-eight volumes.

To date, the OCW has independently identified and collected various records from Applicant's life history. The OCW has also completed a substantial independent investigation into Applicant's background and into the circumstances surrounding his conviction of capital murder. At this juncture, the OCW has identified a multitude of witnesses that have knowledge potentially pertinent to claims Applicant intends to present in his state habeas Application. Further, the OCW is in the process of identifying additional witnesses who will need to be

4

interviewed. The OCW has also identified several areas in which expert assistance is necessary in order to fully present Applicant's habeas corpus claims.

## III.

## ARGUMENT

Under Texas Code of Criminal Procedure article 11.071, this Court is authorized to grant a single ninety-day extension to a defendant seeking to file an initial state habeas application. Tex. Code Crim. Proc. art. 11.071 § 4(b). The Court may do so if it finds good cause exists, and the ninety days begin counting at the date of the original filing deadline. *Id.* Applicant believes good cause exists in this case to allow ninety days more time to investigate and develop his state habeas petition.

### A. Many Steps Are Still Required in Order to Complete a Full Investigation of the Legal and Factual Grounds for Habeas Relief

Although the OCW has performed significant work on Applicant's behalf since being appointed, work still remains. A multitude of witnesses have been identified as having relevant information concerning not only circumstances surrounding the alleged crime, but also Applicant's family life, childhood, and other important areas of Applicant's background that will likely factor into claims for habeas relief.

Because of the nature of Applicant's background, there are considerable and voluminous institutional records to review, digest, and analyze. In addition, the

5

OCW is working with experts, some of whom are likely to contribute affidavits supporting Applicant's claims. Arranging interviews of witnesses and experts, as well as drafting affidavits, will take much of (and likely more than) the next forty-five days. Travel from Austin (where the OCW is headquartered) for interviews of non-local witnesses and subsequent trips to have affidavits signed and notarized takes considerable time and coordination.

The development of these witnesses and experts is particularly important for any claims that Applicant wishes to raise regarding ineffective assistance of trial counsel. The CCA has made clear that the ineffective assistance of counsel issue is best raised on habeas corpus, not direct appeal, due to the outside-the-record nature of such claims. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). Capital trial counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Wiggins v. Smith*, 539 U.S. 510, 523 (2003); *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). The CCA holds capital trial counsel to a high standard: "It is not sufficient to inquire generally and leave it up to the defendant to raise topics or respond to open-ended questions. Like a doctor, [capital] defense counsel must be armed with a comprehensive check-list of possibilities, and forcefully inquire about each topic." *Ex parte Gonzales*, 204 S.W.3d 391, 400-01 (Tex. Crim. App. 2006). Therefore, in order to identify and fully prove claims of ineffective assistance,

6

Applicant must himself fully investigate to determine whether important areas of evidence were left undiscovered.

## B. Any Legal or Factual Grounds That Are Not Raised in Applicant's Initial Application, But Could Have Been Raised, May Be Procedurally Barred From Future Review

Applicant must be particularly diligent in the investigation and presentation of his initial state habeas petition. Article 11.071 provides the single and best opportunity to challenge Applicant's conviction. Statements made in the Legislature during the passage of Article 11.071 illustrate this importance.

> And we tell individuals that everything you can possibly raise the first time, we expect you to raise it initially, one bite of the apple, one shot . . . .What we're attempting to do here is say 'raise everything at one time.' You get one bite of the apple. If you have to stick the kitchen sink in there, put it all in there, and we will go through those claims one at a time and make a decision. But none of this 'every week you file a new petition' which is currently basically what happens . . . . The idea is this: you're going to be able to fund counsel in these instances and we are going to give you one very well-represented run at a habeas corpus proceeding. And unless you meet a very fine-tuned exception, you're not going to be able to come back time after time after time.

*Ex Parte Kerr*, 64 S.W.3d 414, 418-19 (Tex. Crim. App. 2002) (quoting Representative Pete Gallego at the second reading of S.B. 440 on the floor of the House of Representatives, May 18, 1995).

The United States Supreme Court issued rulings implicating the performance of habeas counsel in *Maples v. Thomas*, 132 S. Ct. 912 (2012) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). These opinions highlight the necessity, if not

7

constitutional duty, of habeas counsel to perform well in its duty to develop habeas applications. The Court specifically addressed the issue of effective state habeas counsel performance in Texas in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), holding that a federal court can excuse a procedural default where state habeas counsel was ineffective for failing to raise the claim during the initial state habeas proceeding.

The CCA has similarly noted that a habeas application under Article 11.071 is an applicant's one full and fair "bite at the apple." *Ex Parte Medina*, 361 S.W.3d 633, 642 (Tex. Crim. App. 2011). Part of the importance of this Application rests in the effect its filing takes on a defendant's future litigation over his conviction. Under Article 11.071, section 5, "[i]f a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless" one of three narrow circumstances exists. Tex. Code Crim. Proc. art 11.071 § 5.

After the holdings in *Martinez* and *Trevino*, the duty to fully investigate and present claims during the initial state habeas process has become increasingly important in order to avoid additional litigation at the state and federal level. As state habeas counsel's performance becomes increasingly scrutinized at the federal level, there is a high likelihood that if initial state habeas counsel does not present all potentially meritorious claims in the initial application, state courts will be

8

required to re-litigate cases in subsequent applications. This is because, under the United States Supreme Court holding in *Cullen v. Pinholster*, federal "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. 1388, 1398 (2011). As such, after *Martinez* and *Trevino*, federal courts will remand cases back to state courts for additional fact finding if initial state habeas counsel's performance is found to be deficient.

### C. The OCW Has a Full Case Load That Also Requires Attention From Its Staff

As the state agency charged with representing capital defendants in their state habeas proceedings, the OCW is appointed in cases that have resulted in a capital sentence after September 1, 2010. These cases occur all across the State of Texas. The OCW staff works diligently to provide the highest caliber representation to each of its clients.

While the OCW is focused on the development of Applicant's initial state habeas application, it must also devote attention to other cases that have equally pressing deadlines. Over the course of the next six months, the OCW anticipates filing six initial state habeas applications, including Applicant's. An additional ninety-day extension would allow the OCW to manage its case load appropriately and fully investigate and develop this application.

# IV.

## PRAYER FOR RELIEF

For the foregoing reasons, Applicant prays this Court would grant the ninety-day extension authorized under Article 11.071, and extend Applicant's deadline to file his initial state habeas application to December 17, 2015.

Respectfully submitted,

DATED:     August 11, 2015

By _____
Erin M. Eckhoff
Post-Conviction Attorney

# IN THE 7TH CRIMINAL DISTRICT COURT
## DALLAS COUNTY, TEXAS

EX PARTE )
Franklin Davis, )
      APPLICANT )
)
)

**Trial Cause No.**
**F1212630**

## ORDER

On this date, the Court considered Applicant's Unopposed Motion for Ninety-Day Extension of Time to File Initial State Habeas Application. After due consideration, Applicant's Motion is GRANTED. The initial state application is due on December 17, 2015.

ORDERED AND SIGNED on this _____ day of August, 2015.

 

The Honorable Elizabeth Frizell
Judge, Criminal District Court No. 7

11

## CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Unopposed Motion for Ninety-Day Extension of Time to File Initial State Habeas Application to:

District Clerk, Writ Desk
Dallas County, Texas
133 N. Riverfront Blvd.
Lock Box 12
Dallas, Texas 75207

Judge Elizabeth Frizell
Criminal District Court No. 7
133 N. Riverfront Boulevard
Lock Box 54
Dallas, TX 75207

Dallas County District Attorney
c/o Rebecca Ott
133 N. Riverfront Blvd.
Lock Box 19
Dallas, TX 75207-4399

Franklin Davis
TDCJ # 999585
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

This certification is executed on August 11, 2015 at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Erin M. Eckhoff

# IN THE 7TH CRIMINAL DISTRICT COURT
## DALLAS COUNTY, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE | ) | **Trial Cause No.** |
| **Franklin Davis,** | ) | **F1212630** |
| APPLICANT | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## ORDER

On this date, the Court considered Applicant's Unopposed Motion for Ninety-Day Extension of Time to File Initial State Habeas Application. After due consideration, Applicant's Motion is GRANTED. The initial state application is due on December 17, 2015.

ORDERED AND SIGNED on this _____ day of August, 2015.

The Honorable Elizabeth Frizell
Judge, Criminal District Court No. 7

11

## CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Unopposed Motion for Ninety-Day Extension of Time to File Initial State Habeas Application to:

District Clerk, Writ Desk
Dallas County, Texas
133 N. Riverfront Blvd.
Lock Box 12
Dallas, Texas 75207

Judge Elizabeth Frizell
Criminal District Court No. 7
133 N. Riverfront Boulevard
Lock Box 54
Dallas, TX 75207

Dallas County District Attorney
c/o Rebecca Ott
133 N. Riverfront Blvd.
Lock Box 19
Dallas, TX 75207-4399

Franklin Davis
TDCJ # 999585
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

This certification is executed on August 11, 2015 at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Erin M. Eckhoff

12