**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SCOTT LISTON,<br><br>                Petitioner - Appellant,<br><br>     v.<br><br>MARK NOOTH,<br><br>                Respondent - Appellee. | No. 14-35502<br><br>D.C. No. 2:11-cv-01430-JE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 8, 2016
Portland, Oregon

Before: FISHER, BERZON and WATFORD, Circuit Judges.

Petitioner David Scott Liston appeals the district court's judgment

dismissing his petition for writ of habeas corpus. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253, we review de novo, *see Dyer v. Hornbeck*, 706 F.3d

1134, 1137 (9th Cir. 2013), and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Liston raised several ineffective assistance of trial counsel (IATC) claims in his state court initial-review collateral proceedings,[1] received a judgment on the merits, then subsequently defaulted those claims by failing to raise them on appeal. Liston now petitions for habeas relief in federal court based on the defaulted IATC claims, and seeks to establish cause for their default under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Liston posits two related theories that would bring his default within *Martinez*'s "narrow exception" for "[i]nadequate assistance of counsel at initial-review collateral proceedings." *Id.* at 1315.

1. First, although Liston's IATC claims were procedurally defaulted only when his appellate post-conviction counsel failed to raise them on appeal from his initial-review collateral proceedings, he contends "any deficiency at the PCR appellate level is attributable to PCR trial counsel's failure to develop the underlying claims."[2] But he does not demonstrate how his initial-review counsel's alleged errors actually caused the default of his IATC claims at the appellate

---

[1] Under *Martinez v. Ryan*, the term "initial-review collateral proceedings" refers to "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." 132 S. Ct. 1309, 1315 (2012).

[2] Liston was represented by different counsel in the initial-review and appellate collateral proceedings.

2

collateral review stage.[3]  We therefore need not decide whether *Martinez* could excuse a procedural default subsequent to the initial-review collateral proceedings when a petitioner *is* able to show it was caused by the ineffective assistance of initial-review counsel.  Even if that were the case, Liston's conclusory assertion would still be insufficient.

2.  Alternatively, Liston contends his initial-review counsel's deficient performance caused his IATC claims to be effectively defaulted at the initial-review stage.  Although Liston admits his initial-review counsel *raised* the IATC claims, he argues that because counsel failed to adequately *develop* the claims with supporting evidence, the initial-review collateral proceedings were not "sufficient to ensure that proper consideration was given to a substantial claim."  *Id.* at 1318.

*Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), held a petitioner can establish that a "previously exhausted IAC claim" was procedurally defaulted at the initial-review stage "if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a

---

[3] Even if the district court had granted Liston's request for an evidentiary hearing on the issue of cause, his plan to "present expert testimony on the standard of care necessary in post-conviction cases" and "call post-conviction counsel to testify concerning the reasons that the claims were not fully developed at the post-conviction trial" could not have established the actual cause of the distinct failure of his *appellate* post-conviction counsel to raise the IATC claims on appeal.

significantly different and stronger evidentiary posture than it was when the state courts considered it." *Id.* at 1318-19 (citations and internal quotation marks omitted). If Liston's federal habeas petition showed the supporting evidence his initial-review counsel allegedly failed to develop would be sufficient to "fundamentally alter" the claims he presented in state court, his newly enhanced IATC claims might qualify under *Dickens* as procedurally defaulted in the initial-review collateral proceedings. But because Liston's petition makes no new factual allegations whatsoever and provides no reason to believe he has a "new" claim under *Dickens*, he has not established procedural default at the initial-review stage.

Accordingly, Liston cannot demonstrate cause to excuse his procedural default, so federal habeas review of his IATC claims is barred. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**AFFIRMED.**