PER CURIAM.
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see *1032 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory.. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has 1 ^exhausted his right to state collateral review. The District Court is.ordered tó record a minute entry consistent with this per curiam.
*1033 ... ctlVeU AMO KILtÜ 10U1E BERNARD n&RK Of COURT
Mill JUL'2 p 3>41 JOEL.WALKER,JR. NUMBERS: 95-6303& 95-6303-1A &HIT0CHE5 WltlSfi LA
[[Image here]]
This matter is before the court on an application for post- conviction relief filed herein by Joe L. Walker, Jr. ori May 30,2014. Mr. Walker was convicted by a jury of aggravated kidnapping and armed robbery, on July 23,1998. He was sentenced to life in prison on the kidnapping charge, and 45 years imprison on the robbery charge, with the two sentences to run consecutively. His conviction was affirmed by the Third Circuit Court of Appeal, and the Louisiana Supreme Court denied his writ application.
On August 27,2002 Mr. Walker filed an application for post- conviction relief, alleging 9 grounds, one of which was ineffective assistance of counsel. This court denied the application without an evidentiary hearing, and without appointing counsel for Mr, Walker, finding that the application fell under Article 929 of the Code of Criminal Procedure.

Analysis

Mr. Walker’s sole claim in his latest application is also for ineffective assistance of counsel, He argues that the claim is timely made because of lie ratings in Martinez v. Ryan, 566 U. S. 1 (2012) and Trevino v. Thaler, 569 U. S. (2013). He says in effect that his previous application raised “meritous” claims, and that the court should have accordingly appointed counsel to represent him, and then *1034 held an evidentiary hearing. He argues that Martínez and Trevino hold that where the claims raised on post-conviction relief have merit, then the applicant is entitled to counsel and the evidentiary-hearing.
This court found Mr. Walker’s claims to be without merit in his first application, filed in 2002. As is stated in its ruling on that application, the court found that the issues raised could be resolved baaed upon the application and answer, Therefore, the claims were not substantial and did not entitle him to counsel or an evidentiary hearing.
Martinez and Trevino have hot assisted Mr. Walker’s current application.
The application is accordingly untimely, and is denied.
THUS DONE AND SIGNED this day of July, 2014.
[[Image here]]