**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR A. RODRIGUEZ,

Petitioner-Appellant,

v.

DERRAL G. ADAMS, Warden,

Respondent-Appellee.

No.    15-15679

D.C. No. 4:04-cv-02233-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted September 2, 2016[**]
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Salvador Rodriguez appeals the district court's order denying his motion to

excuse procedural default.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In his habeas petition, Rodriguez claims that his trial counsel rendered ineffective assistance of counsel ("IAC") by failing to interview two eyewitnesses—Vonree Alberty and Kenneth Jackson. However, Rodriguez did not timely raise this claim in state court. Therefore, we may not grant habeas relief on Rodriguez's procedurally defaulted IAC claim, unless Rodriguez "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In *Martinez v. Ryan*, the Supreme Court explained that a federal court may find "cause" to excuse a defendant's procedural default only when certain requirements are met. 132 S. Ct. 1309, 1320 (2012). The requirement relevant on this appeal: the underlying IAC claim must be "substantial," meaning that it has "some merit." *Id.* at 1318–19. The standard for determining whether a claim is substantial is comparable to the standard for issuing certificates of appealability, *see id.*, whereby "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and alteration omitted).

Under *Strickland v. Washington*, to succeed on an IAC claim, a prisoner "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). Thus, "[a]n IAC claim has merit where (1) counsel's 'performance was unreasonable under prevailing professional standards,' and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different.'" *Cook v. Ryan*, 688 F.3d 598, 610 (9th Cir. 2012) (quoting *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001)).

Even if we were to assume that trial counsel's performance was deficient, Rodriguez is still not entitled to relief from his procedural default, because (as the district court determined) he has not evidenced a substantial claim that trial counsel's performance resulted in prejudice at trial. *See Hurles v. Ryan*, 752 F.3d 768, 782 (9th Cir. 2014). The eyewitness accounts of Alberty and Jackson would have been cumulative to some of the evidence already presented at trial and often inconsistent with Rodriguez's own testimony. Further, their testimonies would not have supported Rodriguez's claim that the use of deadly force was justified, and neither had suggested they would be willing to testify on behalf of the defense at the time of trial.

Importantly, the government's case against Rodriguez was also strong. Rodriguez admitted that he fired a gun at a group of people, despite not observing them carrying any weapons. Although he claimed he fired the weapon only in an attempt to scare the group off, independent witnesses testified that he fired directly at the group with his arm parallel to the ground, and the coroner's preliminary testimony established "that the bullet entered the victim's ear and traveled straight through the brain at neither an up or down angle." Jackson and Alberty did not see Rodriguez fire the weapon and, therefore, could not have rebutted the government's evidence that Rodriguez fired directly at the group.

Having concluded that Rodriguez fails to demonstrate cause under *Martinez*, we need not separately inquire whether he can demonstrate prejudice under *Coleman*.

**AFFIRMED.**