NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRAVIS MICHAEL EASTER,

          Petitioner-Appellant,

  v.

STEVE FRANKE,

          Respondent-Appellee.

No.   16-35286

D.C. No. 2:11-cv-00906-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted July 14, 2017[**]
Portland, Oregon

Before: WATFORD and OWENS, Circuit Judges, and NAVARRO,[***] Chief
District Judge.

     Travis Easter, an Oregon state prisoner, appeals from the dismissal with

prejudice of his 28 U.S.C. § 2254 habeas petition alleging ineffective assistance of

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]   The Honorable Gloria M. Navarro, Chief United States District Judge for the District of Nevada, sitting by designation.

counsel. As the parties are familiar with the facts, we do not recount them here. We affirm.

Easter's claim that trial counsel provided ineffective assistance of counsel by failing to object to the father's vouching testimony is procedurally defaulted, and thus Easter must show cause and prejudice. *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). To do so, counsel must be deficient and there must be a reasonable probability that the outcome would be different absent the deficient counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

Trial counsel's decision not to object to the father's vouching testimony was a valid strategic decision, and thus trial counsel was not deficient. *See Clabourne v. Lewis*, 64 F.3d 1373, 1383 (9th Cir. 1995) (stating that "reasonably competent counsel might have many valid reasons for failing to object"). Because trial counsel had a valid trial strategy and did not merely offer a post-hoc rationalization of his decision-making process, his assistance fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Furthermore, Easter does not show prejudice as there is not a reasonable probability that the result of the proceeding would have been different had trial counsel objected. *See Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013).

Easter also asserts ineffective assistance of counsel when trial counsel failed to object to a portion of the mother's alleged vouching testimony. Easter argues

2

that this is a new claim that the Oregon Court of Appeals did not consider below. However, the Oregon Court of Appeals already considered the entirety of the mother's testimony and rejected Easter's claim, and thus this claim is subject to the "highly deferential standards" of the Antiterrorism and Effective Death Penalty Act. *Runningeagle v. Ryan*, 825 F.3d 970, 978 (9th Cir. 2016) (citation omitted). The Oregon Court of Appeals' rejection of this claim was neither contrary to, nor based upon an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d). Accordingly, this claim fails.

Easter's claim of ineffective assistance of appellate counsel fails under the Supreme Court's recent decision in *Davila v. Davis*, 137 S. Ct. 2058, 2062-63 (2017). *Davila* holds that federal habeas courts cannot hear procedurally defaulted claims of ineffective assistance of appellate counsel. *Id*. Thus, regardless of whether this claim is entitled to equitable tolling, this claim is procedurally defaulted and it fails under *Davila*.

**AFFIRMED**.