COOK, Circuit Judge, dissenting.
I respectfully dissent. The majority balances four competing factors and determines that Zagorski's appeal warrants a stay. I come to the opposite conclusion.
As the majority acknowledges, Zagorski's appeal is virtually unwinnable. The district court's decision to grant a certificate of appealability, with its easier-to-meet standard, coincided with her thorough analysis in deciding to deny Zagorski's Rule 60(b) motion, and her later denial of the stay.
The district court granted a certificate of appealability because Zagorski raised a novel question of law in arguing that a combination of Martinez v. Ryan , 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) and Edwards v. Carpenter , 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) might resuscitate three otherwise procedurally defaulted habeas claims. But our cases make clear that Martinez did not change a criminal defendant's constitutional rights, but instead equitably adjusts his eligibility for federal statutory relief. Miller v. Mays , 879 F.3d 691, 699 (6th Cir. 2018). These changes in decisional law are usually not, by themselves, extraordinary circumstances meriting Rule 60(b)(6) relief. Id. ; see also Henness v. Bagley , 766 F.3d 550, 557 (6th Cir. 2014). Additionally, Zagorski asks us to broadly apply an exception that the Supreme Court has repeatedly called especially narrow. See, e.g. , Davila v. Davis , --- U.S. ----, 137 S.Ct. 2058, 2065, 198 L.Ed.2d 603 (2017), Carruthers v. Mays , 889 F.3d 273, 288 (6th Cir. 2018). Even if we credited this theory, the district court thoroughly evaluated the merits of each of Zagorski's underlying constitutional claims and found that none weighed in favor of granting relief under Rule 60(b)(6). Because of the underlying *417 equitable principles involved, we give especially broad deference to the district court's discretionary denial of Zagorski's motion. None of the arguments in Zagorski's appeal undercut this analysis.
Zagorski will certainly suffer the most irreparable of harms absent a stay, but the Supreme Court has warned us to also account for "the State's significant interest in enforcing its criminal judgments" in our deliberations. Nelson v. Campbell , 541 U.S. 637, 650, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). The majority has failed to do just that. A State is entitled to the assurance of finality. Only with this certitude can it "execute its moral judgment in a case." Calderon v. Thompson , 523 U.S. 538, 556, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). And "[o]nly with real finality can the victims of crime move forward knowing the moral judgment will be carried out." Id. Granting the stay shortchanges the State's interests.
For these reasons, I respectfully dissent and would deny Zagorski's motion to stay.