**NOT FOR PUBLICATION**

FILED

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER BRIAN ROGERS,

Petitioner-Appellant,

v.

TAMMATHA SOSS, Acting Warden,

Respondent-Appellee.

No.    16-16414

D.C. No. 2:15-cv-01805-JKS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted May 15, 2019
San Francisco, California

Before:  WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

Christopher Rogers appeals from the district court's denial of his petition for

a writ of habeas corpus.  We have jurisdiction under 28 U.S.C. § 2253.

The California Court of Appeal did not unreasonably apply *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979), in concluding that, taking the facts in the light

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

most favorable to the prosecution, there was sufficient evidence of premeditation and deliberation, *see People v. Rogers*, 2013 WL 870617, at \*3–4 (Cal. Ct. App. Mar. 11, 2013).  The court reasonably concluded that the jury could have reasonably found that Rogers engaged in planning because Rogers knew the victim, armed himself with a gun, and committed the crime in a secluded area, and that Rogers acted deliberately because he shot the victim from a close range.  *See id.*

The California Court of Appeal held that Rogers forfeited his prosecutorial misconduct claims by failing to make a contemporaneous objection at trial, *see id.* at \*4, and California's contemporaneous objection rule is an adequate and independent state ground that precludes federal habeas review, *see Paulino v. Castro*, 371 F.3d 1083, 1093 (9th Cir. 2004); *see also Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).  We reject Rogers's argument that his procedural default should be excused due to ineffective assistance of counsel because Rogers has not shown that he was prejudiced by his attorney's performance.  *See Vansickel v. White*, 166 F.3d 953, 958 (9th Cir. 1999).  Rogers's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), is inapposite because Rogers does not bring an independent constitutional claim based on ineffective assistance of counsel.

**AFFIRMED.**