**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY S. DAVIS,

Petitioner-Appellant,

v.

DORA B. SCHRIRO, Warden; TERRY L. GODDARD,

Respondents-Appellees.

No. 19-15900

D.C. No. 4:04-cv-00583-RCC

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 14, 2020**
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and VANDYKE, Circuit Judges.

Jeffrey S. Davis files an appeal from the district court's denial of the Rule

60(b) Motion for Relief from Judgment in which Davis raised claims pursuant to

*Martinez v. Ryan*, 566 U.S. 1 (2012). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Davis was convicted of first-degree murder in February 1998.[1]   After an unsuccessful direct appeal and multiple habeas petitions in state court, he filed a 28 U.S.C. § 2254 habeas petition in federal district court.   In September 2007, the district court denied the writ of habeas corpus, and in doing so, rejected Davis's argument that his post-conviction relief ("PCR") counsel was ineffective because he was not allowed to challenge as ineffective his PCR counsel under *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Johnson v. Avery*, 393 U.S. 483 (1969).   Both the district court and this court declined to issue a certificate of appealability.

In 2012, however, the Supreme Court handed down *Martinez*, which under certain circumstances permits a petitioner to bring an ineffective assistance of counsel claim against his PCR attorney in an attempt to "establish cause for a [petitioner's] procedural default of a claim of ineffective assistance at trial."   566 U.S. at 9.   In April 2014, Davis filed a Rule 60(b) motion in federal district court seeking relief from a final judgment pursuant to *Martinez*.   Analyzing the motion under the six-factor framework set forth in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), the district court initially concluded that Davis "demonstrate[d] extraordinary circumstances necessary to grant relief under Rule 60(b)(6)," and ordered the State to file an answer to Davis's *Martinez* claim.   Importantly, the court noted that only certain claims would be reviewable under Davis's Rule 60(b) motion

---

[1] Because the parties are familiar with the facts, we will not recite them here except as necessary.

because he "only seek[s] to reopen his case as it applies to the [ineffective assistance of counsel] claims of trial and PCR counsel."

Four years later, after the parties briefed the issues, the district court reversed its previous ruling granting Rule 60(b) relief. According to the court, Davis had misled the court by "suggesting he was diligently pursuing relief as soon as he found out about *Martinez*," when, in fact, Davis "did not pursue any means of relief until his Rule 60(b) Motion, which was filed more than six years after [the district court's] judgment and over two years after *Martinez*." The district court accordingly ruled that Davis's 60(b) motion "was not filed within a reasonable time" and he did "not present[] extraordinary circumstances warranting relief."

But that was not all. The court went on to rule in the alternative, comprehensively addressing Davis's claims on the merits in its 24-page decision, concluding that, even if Davis's Rule 60(b) were timely, his *Martinez* claims all failed. The court determined that Davis could not show that trial counsel was ineffective or that Davis was prejudiced by his trial counsel's strategy. The court also addressed the remaining miscellaneous claims and concluded that they were not substantial, plaintiff did not demonstrate prejudice, and the state courts' determinations were "not contrary to federal law or an unreasonable application of facts."

After the district court ruled against him on these two alternative grounds,

Davis sought and was granted a certificate of appealability ("COA") from the district court certifying issues for appeal: that (1) "Petitioner's 60(b) Motion was untimely and did not present extraordinary circumstances warranting review;" and (2) "regardless of timeliness, Petitioner's claims did not excuse his procedural default."

Notwithstanding the breadth of the district court's certified issues—which were broad enough that the COA essentially covered the entirety of the district court's decision—Davis on appeal to this court filed an opening brief that did not squarely address either the certified issues or the district court's lengthy decision. Instead, the opening brief contains a long overview of applicable law, a detailed procedural history, and an argument section filled with conclusory and general statements that fail to address any specific conclusions from the district court. Davis's brief states, for example, that he "was not accorded appellate review," "[t]he state courts' disposition of Davis'[s] claims on collateral review was contrary to or an unreasonable application of federal law," "state procedures were not adequate to vindicate constitutional rights," and "[t]he appellate court's accounting of the evidence it deemed sufficient to sustain the conviction is patently insufficient to establish the elements of premeditated murder …." But nowhere does Davis's opening brief directly and specifically address *any* of the district court's grounds for its long and detailed decision. For example, the opening brief never mentions the district court's conclusion that Davis misled the district court about pursuing relief

4

post-*Martinez*. This was the central reason that the district court reversed its decision that the Rule 60(b) motion was timely. Nor does Davis address the reasons the district court gave for rejecting his ineffective assistance of counsel claim, precluding his new claims, or rejecting the claims Davis previously raised in the state court.

In response to Davis's opening brief, the State gave notice pursuant to Ninth Circuit Rule 22–1(f) that no answering brief would be filed because Davis failed to brief any of the certified issues.[2] The State is correct. Davis did not address the certified issues, and therefore waived them. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("We 'will not ordinarily consider matters on appeal that are not *specifically and distinctly* argued in appellant's opening brief.'" (emphasis added; alteration and citation omitted)).[3]

**AFFIRMED**.

---

[2] The State explained it would file a brief responding to the opening brief if ordered by the court.

[3] Davis's Motion for Submission of Rule 60(b) Appeal for Decision, ECF No. 24, is denied as moot. The State's Motion for Clarification, ECF No. 28, is also denied as moot.

5