**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2514
_____

RAMONE S. COTO,
                              Appellant

v.

SUPERINTENDENT GRATERFORD SCI;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-14-cv-01687)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 21, 2023
_____

Before:  RESTREPO, PHIPPS, and ROTH, *Circuit Judges*.

(Filed: September 1, 2023)
_____

OPINION[*]
_____

**PHIPPS**, *Circuit Judge*.

   Ramone Coto appeals the denial of his § 2254 habeas petition, which sought relief

from his concurrent life sentences.  After being charged for several offenses, Coto was

tried without a jury in Pennsylvania state court.  The trial judge found Coto guilty of two

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

counts of second-degree murder and one count of burglary – all related to the collection of money owed to 'exotic dancers.' Those dancers went to a house to entertain three men in the early hours of February 20, 2005, but after taking issue with one of the dancer's appearance, the host refused to pay. The dispute escalated, and four other men, including Coto, arrived at the house and entered. Shots were fired, resulting in the deaths of two of the three party attendees.

At trial, the prosecution sought to prove that Coto was one of the shooters. To demonstrate there were multiple shooters, the prosecution called a ballistics expert to testify that, based on autopsy reports, bullets recovered from the deceased came from two different guns. Coto's trial counsel stipulated to the autopsy reports' contents. The prosecution also relied on an eyewitness – the surviving third attendee of the party – to identify Coto as his attacker. The witness was in the hospital recovering from bullet wounds when he selected Coto from a photo array. Coto's trial counsel did not investigate the original photo array provided to the convalescing eyewitness to assess whether it was both unreliable and unnecessarily suggestive in violation of the Constitution. *See United States v. Brownlee*, 454 F.3d 131, 137 (3d Cir. 2006) (describing due process limits on witness identification procedures). And at trial, when that witness identified Coto as the person who shot him, Coto's counsel did not question the original identification of Coto from the photo array.

Although Coto directly appealed and then pursued a collateral challenge in state court under Pennsylvania's Post Conviction Relief Act ('PCRA'),[1] his PCRA counsel did not dispute trial counsel's decisions to stipulate to the contents of the autopsy reports and not to investigate or challenge the photo array. And Pennsylvania has a rule of procedure

---

[1] *See* 42 Pa. Cons. Stat. §§ 9541–46.

that deems an argument waived if it could have been raised but was not. *See* 42 Pa. Cons. Stat. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Thus, while Coto had "exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), his PCRA counsel – by not arguing that trial counsel was ineffective with respect to the autopsy reports or the photo array – waived such challenges. Consequently, under the doctrine of procedural default, under which "federal courts generally decline to hear any federal claim that was not presented to the state courts 'consistent with [the State's] own procedural rules,'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (alteration in original) (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)), Coto ordinarily could not assert those claims in his federal habeas petition.

But the procedural default rule is not absolute, and Coto invokes the cause-and-prejudice exception. To prevail on that exception, a prisoner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). But the District Court determined, in exercising jurisdiction over Coto's *pro se* habeas petition, *see* 28 U.S.C. § 2254, that the cause-and-prejudice exception did not apply. Coto timely appealed the District Court's final order, and this Court granted a certificate of appealability to consider whether Coto could show cause to excuse the procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012). *See* 28 U.S.C. § 2253.[2]

---

[2] A panel of this Court granted the certificate of appealability on March 26, 2018, before the Supreme Court's 2022 decision in *Shinn*, which not only limits review of cause and prejudice to the existing state-court record but also cautions against needlessly prolonging federal habeas proceedings. *Shinn*, 142 S. Ct. at 1737–39. In light of *Shinn*, the certified issue necessarily implicates whether Coto could show prejudice on the basis of the state-court record. That related issue may now be considered as part of this appeal

Even assuming *arguendo* that Coto could show cause for his procedural default under *Martinez*,[3] he could not establish the prejudice prong of the cause-and-prejudice exception. *See Coleman*, 501 U.S. at 750; *Fischetti v. Johnson*, 384 F.3d 140, 155 (3d Cir. 2004) ("Of course, once the petitioner has established cause, he must show actual prejudice . . . ." (internal quotation marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982))). Absent an exception, *see* 28 U.S.C. § 2254(e)(2), which does not apply here, prejudice must be demonstrated based on the record before the state court in the collateral review proceeding. *See Shinn*, 142 S. Ct. at 1737–39. And that record does not evidence the ineffective performance by Coto's state-trial-court counsel needed to satisfy the standard for prejudice by "work[ing] to his *actual* and substantial disadvantage" with respect to either the stipulation of the autopsy reports or the non-investigation of the original photo array. *Id.* at 1733 (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

First, the state-court record does not reveal any actual prejudice associated with trial counsel's stipulation to the autopsy reports. It does not indicate that the reports were deficient. Nor does it provide a basis for concluding that the forensic pathologist who prepared the reports – if called as a witness – would have cast doubt on the reports' findings. Indeed, as Coto admits, the record does not even contain the autopsy reports.

especially since, in light of *Shinn*, a remand would be little more than a formality. *See Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 378 n.14 (3d Cir. 2018) (acknowledging that the magistrate judge did not reach the underlying merits but finding remand "would be little more than a formality"). *See generally Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012) ("[T]he failure to obtain a COA is jurisdictional, while a COA's failure to indicate an issue is not.").

[3] Under *Martinez*, to satisfy *Coleman*'s cause prong, Coto must demonstrate that his PCRA counsel, through his own deficient performance, neglected to raise an ineffective assistance of trial counsel claim that is "substantial," meaning it has some merit. *See Martinez*, 566 U.S. at 14.

4

Coto may speculate that something favorable may have come from either disputing the reports or cross-examining the forensic pathologist, but such conjecture does not meet the actual-and-substantial disadvantage standard. *See Murray*, 477 U.S. at 494 ("The habeas petitioner must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" (quoting *Frady*, 456 U.S. at 170)); *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000) (same).

Second, the state-court record does not show actual prejudice associated with trial counsel's non-investigation of the photo array. The state-court record provides no basis to conclude that the array was unnecessarily suggestive – all that exists is the possibility that *if* the photo array were investigated, then it *might* be discovered to have been unnecessarily suggestive. And such hypothesizing, without a developed state-court record, does not suffice to establish an actual and substantial disadvantage. *See Shinn*, 142 S. Ct. at 1733.

Because Coto cannot prove prejudice based on the state-court record, we will affirm the District Court's judgment denying his § 2254 habeas petition.