NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAYSEN ALEXANDER PATTERSON,

Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE STATE OF NEVADA; BRIAN WILLIAMS,

Respondents - Appellees,

and

CALVIN JOHNSON,

Respondent.

No. 23-3078

D.C. No.
2:20-cv-01614-JAD-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 7, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Jaysen Alexander Patterson (Patterson), who pled guilty in Nevada state

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court to one count of first degree arson and three counts of burglary, appeals the district court's denial of his federal habeas petition. We affirm.

**1.** Patterson asserts that his trial counsel rendered constitutionally deficient performance when he failed to seek recusal of the state trial judge for bias or object to the judge's comments during Patterson's sentencing hearing. This ineffective assistance of counsel (IAC) claim is procedurally defaulted.[1] To excuse the default, Patterson must show "cause and prejudice." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (holding that the petitioner must demonstrate: (1) the IAC claim was a "substantial" claim, and (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceedings).

Patterson does not demonstrate that post-conviction counsel was ineffective by failing to raise this particular IAC claim in his state habeas petition. Post-conviction counsel raised several colorable claims, including claims similar to this one though presented in a different legal posture. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (citation omitted). Accordingly, Patterson does not establish cause to

---

[1] The Nevada Supreme Court held that Patterson's judicial bias claim was barred because he pled guilty and did not pursue the claim on direct appeal. The federal district court's certificate of appealability was also limited to Patterson's IAC claims.

excuse procedural default.

Even if Patterson could overcome procedural default, his IAC claim would fail on the merits. Based on the aggravating evidence, the testimony of the victims at sentencing, the nature of Patterson's offenses, and the extensive experience that Patterson's trial counsel had in appearing before the state trial judge, Patterson's trial counsel did not render constitutionally deficient performance. Although the judge's comments were not a paradigm of professionalism, the judge did not "display[ ] deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984) (explaining that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (citation omitted).

**2.** The Nevada Supreme Court reasonably denied Patterson's IAC claim premised on his trial counsel's decision to present a mental health evaluation to the sentencing court that included Patterson's juvenile criminal history. *See Waidla v. Davis*, 126 F.4th 621, 634 (9th Cir. 2024) (per curiam) (explaining that "[a] court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding") (citation and internal quotation marks omitted). Patterson's trial counsel made a strategic decision to humanize Patterson by demonstrating that he was able to engage in positive conduct subsequent to his juvenile arrests. *See Strickland*, 466 U.S. at 690-91 (discussing the importance of strategic decisions in reviewing IAC claims). Moreover, there was evidence before the sentencing court other than the mental health evaluation suggesting that Patterson had a juvenile record involving arson. The Nevada Supreme Court's denial of Patterson's IAC claim, therefore, was not unreasonable. *See Livaditis v. Davis*, 933 F.3d 1036, 1045 (9th Cir. 2019) (stating that "we review a state court's decision applying *Strickland's* general principles with increased, or double, deference") (citation omitted).

**AFFIRMED.**